## 42121. STONE v. STONE.

(330 SE2d 887)

WELTNER, Justice.

The parties to this case, formerly husband and wife, entered into a settlement agreement, the stated purpose being that of "settling all questions of alimony, support, and property division." A part of that agreement, which is the matter here in controversy, provided: "*Alimony for the wife*. 1. The Wife has titled in her name a 1982 Oldsmobile Toronado automobile which is presently in her possession and control. It shall be the responsibility of the Husband to pay the indebtedness owed thereon to Coffee County Bank as the same becomes due and payable commencing with the next regular monthly payment following the execution of this Contract of Settlement."

The agreement was incorporated in a final decree, and the parties were divorced. Thereafter, the former husband filed an application to revise the decree under OCGA § 19-6-19 (b).

Among other defenses, the former wife contended that this obligation is not "periodic payments of permanent alimony but a division of property, and, therefore, is not subject to revision or modification."

The trial court thereafter entered the following order: "The Court having determined that the payments on the indebtedness owed to the Coffee County Bank for one 1982 Oldsmobile Toronado automobile titled in the name of the [former wife] which the [former husband] was required to make pursuant to the Contract of Settlement are periodic payments of permanent alimony and are therefore subject to revision." Upon the issuance by the trial judge of the required certificate, we granted the former wife's application to appeal.

1. To the single issue now before us, both parties filed in the trial court memoranda of law citing authorities on either side of the question. Admittedly, the cases are not without ambiguity, and, rather than attempting to reconcile their possible contradictions, we will try to resolve this issue on a basis of substance, rather than of labels.

In this connection, attention is invited to the concurring opinion in *Rooks v. Rooks*, 252 Ga. 11, 13 (311 SE2d 169) (1984). That effort undertook just such a substantive analysis, and it need not be repeated in full here. Rather, we agree with this portion of that analysis, which resolves the issue before us: "As example, the obligation of one spouse to pay 'permanent alimony' or 'periodic alimony' terminates upon the death of the paying spouse, *Dolvin v. Dolvin*, 248 Ga. 439 (284 SE2d 254) (1981), or upon the death of the surviving spouse

. . . [*Laughridge v. Laughridge*, 219 Ga. 415, 416 (133 SE2d 884) (1963)], or upon the remarriage of the receiving spouse. OCGA § 19-6-5 (b) (Code Ann. § 30-209). Remarriage by the receiving spouse does *not* terminate the obligation of the paying spouse to continue payments intended as 'lump sum alimony' or as 'equitable division.' *Head v. Hook*, 248 Ga. 818 (285 SE2d 718) (1982). Nor would such an obligation likely terminate even upon the remarriage of the spouses to each other. *Moore v. Moore*, 249 Ga. 27 (287 SE2d 185) (1982). . . . An allocation of resources as 'permanent alimony' or 'periodic alimony' or as 'alimony for the support of the children of the parties,' or as 'child support' is subject to modification. OCGA §§ 19-6-14 (Code Ann. § 30-206), 19-6-19 (Code Ann. § 30-220). 'Lump sum alimony' is not subject to modification. OCGA § 19-6-21 (Code Ann. § 30-222)." 252 Ga. at 15-16.

It is plain that the obligation to pay the installment loan on the automobile does not, as a matter of law, terminate upon the death of the paying spouse or of the surviving spouse, or upon the remarriage of the receiving spouse. That established, it is equally clear that this obligation is *not* subject to modification — upon any basis.

2. Attention is also invited to that portion of the concurring opinion in *Rooks*, supra, as follows: "There should be a way to steer around this shoal. Perhaps it may be found in laying aside, for the moment, all labels which lawyers and laymen have become accustomed to apply, and to consider instead *the substance of the permissible rearrangement of economic resources cognizable under our law.* I analyze such substance as follows: One spouse may be required to transfer to the other spouse, or for the benefit of the other spouse, total or partial ownership or beneficial use of: (a) specifically enumerated real or personal property; (b) a stated or a variable amount of money, either designated or undesignated as to its source, either at once or by specified installments or intervals; (c) a stated or a variable amount of money to be paid at stated intervals for an indefinite period of time, or to be paid until the death or remarriage of the receiving spouse; or (d) any combination of the above. . . . It will be seen, of course, that: (a) includes what we have come to label as 'lump sum alimony.' OCGA § 19-6-5 (a) (Code Ann. § 30-209), 'equitable division,' *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980), and 'implied trust.' *Harrell v. Harrell*, 249 Ga. 170 (290 SE2d 906) (1982); (b) includes what we call 'lump sum alimony,' which may be payable at once, or payable in periodic installments, or which may be a requirement that one spouse fulfill stated obligations to third parties for the benefit of the other spouse; (c) includes what we call 'periodic alimony,' or 'permanent alimony,' as well as a requirement to fulfill an obligation to a third party for the benefit of the other spouse." 252 Ga. at 14-15.

Viewed in this light, as well, the former husband was "required to transfer . . . for the benefit of the other spouse . . . beneficial use of . . . (b) a stated . . . amount of money . . . by specified installments . . . ." 252 Ga. at 14. He was *not* required so to transfer "(c) a stated or a variable amount of money to be paid at stated intervals for an indefinite period of time, or to be paid until the death or remarriage of the receiving spouse." 252 Ga. at 14, 15.

Hence, if we must continue to use our accustomed labels, it will be seen from that analysis that the husband's obligation relative to the automobile was "lump sum alimony," and not "periodic alimony" or "permanent alimony." 252 Ga. at 15.

3. Analyzing the husband's obligation in yet another aspect, as discussed in *Rooks*, it will be seen that his obligation is a "fixed obligation" as opposed to "terminable" (in the usage of the concurring opinion), and, because it is not "terminable by operation of law," it is not subject to modification. 252 Ga. at 16, 17.

*Judgment reversed. All the Justices concur, except Hill, C. J., Clarke and Gregory, JJ., who concur in the judgment only.*

DECIDED JULY 1, 1985.

*Walters, Davis, Smith & Meeks, Thomas H. Pittman,* for appellant.

*Donald A. Starling,* for appellee.