### 45038. WINOKUR v. WINOKUR.
(365 SE2d 94)

CLARKE, Presiding Justice.

This case calls for a distinction between periodic alimony and lump sum alimony. The question is important because the obligation to pay periodic alimony terminates at the death of either party while the obligation to pay lump sum alimony in installments over a period of time does not. *Dolvin v. Dolvin*, 248 Ga. 439 (284 SE2d 254) (1981); *Davenport v. Davenport*, 243 Ga. 613 (255 SE2d 695) (1979). The Internal Revenue Code magnifies the importance by declaring periodic alimony taxable to the recipient and deductible by the payor, and installment payments of lump sum to be neither income nor deductible.

In 1985, the Winokurs executed a settlement agreement and the superior court made it a part of the decree in their divorce action. The agreement calls for unallocated child support and alimony in the amount of $7,000 per month for 84 consecutive months commencing May 1, 1985, and continuing through and including April 1, 1992. This appeal comes from a summary judgment granted to the wife in a declaratory judgment action. The trial court ruled that the contract provision constituted a lump sum award to be paid in installments. We affirm.

1. The wife in this case treated the payments as lump sum but the husband treated them as periodic alimony, resulting in inconsistent income tax returns. The cases from this court give a superficial appearance of a similar inconsistency. We undertake here the task of resolving both the dispute and any apparent inconsistencies in our holdings.

For our purpose, the trail of legal reasoning on this subject begins with *Bisno v. Bisno*, 239 Ga. 388 (236 SE2d 755) (1977), where we discussed holdings which decided that alimony in lump sum or in gross is in the nature of a property settlement whether designated as such or as alimony. In *Bisno*, the husband agreed to pay the wife sums of money under several schemes. One was clearly lump sum and another clearly terminated at her death or remarriage. Both this court and the parties acknowledged the first to be lump sum and the second to be periodic alimony, but when the wife remarried a difficulty arose with respect to a third item. That item required the husband to pay

$100 per month for 121 months and went on to say that the payments ". . . shall be permanent alimony to wife and deductible by husband for tax purposes." The opinion recognized that the parties to an agreement of this sort generally consider tax consequences and that the Bisnos intended the payments to qualify as permanent alimony. The Internal Revenue Code as it existed at that time fortified that reasoning by limiting permissive installment payments of lump sum alimony to a period of ten years. The *Bisno* provision extended one month beyond that period. The court then concluded the arrangement constituted periodic alimony and not a property settlement so that it terminated at the wife's remarriage.

The next stage in the evolution of this legal precept comes from *Duncan v. Duncan*, 239 Ga. 789 (238 SE2d 902) (1977). In the agreement between these parties, the wife gave up any rights to periodic alimony, but a property division was effected under which each party got certain real estate. The real estate going to the wife was encumbered by a security deed, and the agreement obligated the husband to make the payments. The court held that the construction of the entire agreement led to the conclusion that the obligation to pay the mortgage was intended as a lump sum payment which was part of the property settlement. The court went on then to paraphrase the holding in *Bisno* and in doing so considerably broadened its effect. According to the dicta in *Duncan*, the absence of a recitation of a gross amount required to be paid (other than by multiplying the amounts due by the number of payment periods) causes the arrangement to be periodic alimony rather than lump sum alimony.

The gratuitous dictum in *Duncan* was carried forward in *Nash v. Nash*, 244 Ga. 749, 750 (262 SE2d 64) (1979), as a direct holding that "[a] decree specifying periodic payments for a given time with no indication of gross amount other than by multiplying the amount due by the number of the payment periods is alimony and is revisable; . . ." Although *Bisno v. Bisno* was cited in *Nash*, there is no comment on the fact that the holding in *Bisno* rested on a foundation constructed of the intent of the parties and the status of the Internal Revenue Code rather than upon the express terms of the payments to be made. As a result, the rule evolved thusly. In *Bisno*, the court examined the intent of the parties. Dictum in *Duncan* looked not to the intent but to the words of the agreement and decree. The holding in *Nash* mandated the gross amount to be paid as the magic words, the absence of which causes the arrangement to be one for periodic alimony rather than lump sum.

We agree with *Bisno*. We find the dicta in *Duncan* to have been unnecessary and conclude that *Nash* departed from the correct rule. This does not constitute a new position for this court. We clearly staked out and occupied this position in *Rooks v. Rooks*, 252 Ga. 11

(311 SE2d 169) (1984), and *Stone v. Stone*, 254 Ga. 519, 520 (330 SE2d 887) (1985). In *Stone,* we described "a stated or a variable amount of money, either designated or undesignated as to its source, either at once or by specified installments or intervals" as constituting "lump sum alimony," which may be payable all at once or in installments. In doing this, we lifted this precept from the concurring opinion in *Rooks* and made it the majority opinion of the court. We followed what was written in *Stone* in the case of *Brand v. Bradberry*, 256 Ga. 457 (349 SE2d 448) (1986).

We recognize that *Rooks*, *Stone* and *Bradberry* dealt with a party's obligation to pay a specific debt in installments, and one could technically argue that the magic words of the total amount were uttered by reference to the total debt owed. However, ascertaining the gross amount by reference to another document outside the agreement makes the obligation no more fixed than does the ability to calculate the gross amount by multiplication. Consider the illogic of a holding resulting in a rule which says the inclusion of the total amount due renders one result while the inclusion of all of the words and numbers which lead by mathematical certainty to the total amount due renders a different result.

This is the kind of legal gyration which the court discourages, and society abhors. Therefore, we adopt a rule of logic and clarity. If the words of the documents creating the obligation state the exact amount of each payment and the exact number of payments to be made without other limitations, conditions or statements of intent, the obligation is one for lump sum alimony payable in installments. This squares with *Bisno*. Only dicta in *Duncan* and the holding in *Nash* differ from this.

2. Having identified the rule, we now turn to the application of the rule to this case. Husband argues he is entitled to rely on *Nash* being the law when he agreed to the settlement. While the position is arguable, *Rooks* was decided before the execution of the agreement in this case, and all of the precedential underpinning for *Nash* was available to the parties. Furthermore, the plain words of continuing duty here speak for themselves. The contract provides that husband shall have no obligation to reimburse wife for any federal or state income taxes incurred by reason of alimony payments. We view this simply as a protective device for the husband's benefit guarding against possible changes in the tax laws. The contract also requires the husband to maintain life and disability insurance which in effect secure the payment obligations and it prohibits modification. We do not find these provisions to amount to limitations, conditions, restrictions or expressions of intent contrary to the plain words which created the continuing duty.

*Judgment affirmed. All the Justices concur, except Bell, J., who concurs in the judgment only.*

DECIDED FEBRUARY 25, 1988 —
RECONSIDERATION DENIED MARCH 16, 1988.

*Hurt, Richardson, Garner, Todd & Cadenhead, A. Paul Cadenhead, Elizabeth A. Bloom,* for appellant.
*Alston & Bird, G. Conley Ingram, Jay D. Bennett,* for appellee.