## A89A0416. BOYD v. BOYD.
### (382 SE2d 730)

BENHAM, Judge.

This discretionary appeal raises the question whether an ex-spouse's obligation to make a lump sum cash payment to his ex-wife should be characterized as alimony for garnishment purposes. Appellant, appellee's ex-wife, contends that the trial court, in ruling on appellee's traverse of the garnishment appellant filed, erred in classifying as "non-alimony" a lump sum cash payment appellee owed her in accordance with their divorce decree. The trial court's classification led it to conclude that 25 percent, not 50 percent, of the former husband's income was subject to garnishment. See OCGA § 18-4-20 (d), (f). We agree and affirm the judgment.

All three of appellant's enumerations of error require the same legal and factual analysis, i.e., what is a "division of property" and what is "alimony." OCGA § 19-6-1 (a) defines alimony as "an allowance out of one party's estate, made for the *support* of the other party when living separately. It is either temporary or permanent." (Emphasis supplied.) Alimony is distinctly different from an equitable division of property between husband and wife, the latter being an allocation of assets acquired during the marriage to the parties, based on their respective equitable interests in those assets. See, e.g., *Head v. Hook*, 248 Ga. 818 (285 SE2d 718) (1982), and *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980), which provide numerous examples of the alimony/division of property dichotomy. The distinction is also recognized in the statutory language of OCGA § 19-5-5 (b) (6), regarding divorce petitions: "Where alimony or support or division of property is involved, the property and earnings of the parties, if such is known [shall be shown in the petition]." "It cannot be denied that alimony and equitable property division are not synonymous. [Cit.]" *Peters v. Peters*, 248 Ga. 490 (2) (283 SE2d 454) (1981). OCGA § 18-4-20 (f) provides that 50 percent of the debtor's weekly disposable earnings shall be subject to garnishment "if the judgment upon which the garnishment is based is a judgment for alimony or for the support of any dependent of the defendant, provided the summons of garnishment shall contain a notice to the garnishee that the garnishment is based on the judgment for alimony or the support of a dependent."

Let us now examine appellant's claim in the context of the foregoing legal framework. The divorce decree included in the record shows that appellant's divorce petition prayed "for child support and equitable division of property, and transfer of title of her car into her name." The decree provides for $80 per week child support, and a "practical, fair and equitable division of [the parties'] property . . ." and sets out specific items of realty and personalty with direction for

distribution. The last item in that distribution states, "In order to equalize the value of these assets, the husband shall pay the wife $27,000 . . . due and payable upon the signing of this Order. . . . Upon receipt of the . . . $27,000 the wife shall quitclaim her interest in the business assets, the shop building, and the one acre lot to the husband." There is no reference to the word "alimony" in the divorce judgment and decree, which was drafted by appellant's divorce attorney at the trial court's direction, and appellant's present counsel stipulated that her former counsel argued during the divorce hearing that appellant was not seeking alimony, but a division of property. By all indications, appellant intended to receive her equitable share of the marital estate, and not a support payment from appellee's estate. The first time appellant characterized the money she sought as alimony was in the affidavit for continuing garnishment. But even in the body of that document, it is alleged that appellee "is indebted to the Plaintiff for a property settlement due under the order in a divorce," and that she is seeking $16,657.78 plus costs. Appellee filed a traverse of appellant's affidavit, claiming it to be untrue or legally insufficient. The trial court granted the traverse, finding that the payment sought was of a "non-alimony nature" and, therefore, OCGA § 18-4-20 (f) did not apply. We granted appellant's application for discretionary appeal to determine the correctness of the trial court's ruling, and we find no error.

Contrary to appellant's assertions, the $27,000 award did not clearly constitute lump sum alimony for the purposes of OCGA § 18-4-20 (f). The nature of the relief sought and granted to appellant in the divorce decree is not alimony as it is defined. The terms of the decree in this case describe an exchange of assets between the parties, and it is clear that alimony is not involved. Appellant's reliance on *Stone v. Stone*, 254 Ga. 519 (330 SE2d 887) (1985), and *Winokur v. Winokur*, 258 Ga. 88 (365 SE2d 94) (1988), is misplaced because in both cases the court was asked to draw a distinction between different types of alimony, i.e., periodic alimony, lump sum alimony, and permanent alimony. In the case before us, the distinction that must be drawn is between alimony and equitable division of property. Moreover, the rule set forth in *Winokur* makes it clear that the *Stone* analysis of the nature of the property interest created applies only when the intention of the parties is ambiguous. The *Winokur* rule is: "If the words of the documents creating the obligation state the exact amount of each payment and the exact number of payments to be made *without other limitations, conditions or statements of intent,* the obligation is one for lump sum alimony payable in installments." Id. at 90. (Emphasis supplied.) As we noted earlier, the document creating the obligation, the divorce decree, clearly states that the property allocation is intended to provide a "practical, fair and equitable

division of [the parties'] property," and that the payment from appellee to appellant is to be made "in order to equalize the value of these assets. . . ." The statements in the decree; the condition that once the money is paid, appellant is obligated to release her interest in certain specific property acquired during the marriage; the absence of the use of the word "alimony" or any indication that support for appellant is intended; and the other evidence of record that alimony was not being sought lead us to the inexorable conclusion that the money owed to appellant is part of the equitable division of marital property, and not alimony. The trial court did not err in characterizing the sum sought as "non-alimony," thereby requiring application of the 25 percent garnishment rate.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MAY 30, 1989.

*T. Lee Bishop, Jr.,* for appellant.
*Donald E. Strickland,* for appellee.