T.C. Memo. 1998-65


UNITED STATES TAX COURT


ANITA C. HUMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24232-96.                    Filed February 18, 1998.


<u>Stephen C. Beeler</u>, for petitioner.

<u>Clinton M. Fried</u>, for respondent.


MEMORANDUM OPINION


PARR, <u>Judge</u>:    This matter is before the Court on
petitioner's motion for award of litigation and administrative
costs pursuant to section 7430[1] and Rule 231.

---

[1]    References to sec. 7430 in this opinion are to that
section as amended by sec. 1551 of the Tax Reform Act of 1986,
Pub. L. 99-514, 100 Stat. 2085, 2752 (effective for proceedings
                                        (continued...)

All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Neither party requested a hearing. The relevant facts are taken from the parties' memoranda. Rule 232(a)(1). At the time the petition was filed, petitioner resided in Marietta, Georgia.

For the taxable year 1992, respondent determined a deficiency in petitioner's Federal income tax of $240,590 and a penalty under section 6662(a) of $48,118.

On August 14, 1997, petitioner moved for summary judgment pursuant to Rule 121. On September 2, 1997, respondent filed a notice of no objection. The underlying matter herein was resolved on September 8, 1997, when the Court granted petitioner's motion for summary judgment and decided that there

---

[1](...continued)
commenced after Dec. 31, 1985), and by sec. 6239(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743-3746 (effective with respect to proceedings commenced after Nov. 10, 1988). Sec. 7430 was amended most recently by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 701, 110 Stat. 1452, 1463-1464 (1996), effective with respect to proceedings commenced after July 30, 1996. The amendments to that section shift to the Commissioner the burden of proving that the position of the United States was substantially justified, sec. 7430(c)(4)(B), and changed the hourly rate for attorney's fees to $110, sec. 7430(c)(1)(B)(iii).

A judicial proceeding is commenced in this Court with the filing of a petition. Rule 20(a). Petitioner filed her petition on Nov. 12, 1996. Accordingly, the 1996 amendments to sec. 7430 are applicable here. See Maggie Management Co. v. Commissioner, 108 T.C. 430 (1997).

was no Federal income tax deficiency or penalty due from petitioner for 1992.

After concessions,[2] the issues for decision are: (1) Whether petitioner was a prevailing party in the underlying tax case. We hold she was. (2) Whether petitioner is entitled to reasonable litigation and administrative costs. We hold she is to the extent set out below.

### General Background

Petitioner was divorced from Larry Wade Human (Human) on January 2, 1990. Pursuant to the divorce decree (the decree), Human was required to pay petitioner lump-sum alimony of $24,000 immediately and $750,000 on or before May 17, 1990.

Human failed to make the $750,000 payment as required by the decree. Petitioner then brought a contempt action against Human in the Superior Court of DeKalb County, Georgia (the Superior Court), seeking to enforce the decree and compel payment.

By order dated November 13, 1992, the Superior Court directed the clerk of the Superior Court (the clerk) to distribute instanter $913,957.60 to petitioner. This payment consisted of the $750,000 lump-sum alimony award, plus $221,684 interest thereon, less attorney's fees of $57,726.80 paid

---

[2] Respondent concedes that petitioner substantially prevailed, exhausted her administrative remedies, did not unreasonably protract the administrative or Court proceedings, and met the net worth requirements.

directly to petitioner's attorneys.  Petitioner did not include the $750,000 as income on her 1992 return.

The payment petitioner received from the clerk was from proceeds paid into the Superior Court by DeKalb County, Georgia (the county).  The county condemned the marital residence of petitioner and Human for use by the Metropolitan Atlanta Rapid Transit Authority.

## Discussion

Section 7430 provides for the award of reasonable administrative and litigation costs to a taxpayer in an administrative or court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Internal Revenue Code.  An award of administrative or litigation costs may be made where the taxpayer:  (1) Is the prevailing party, (2) exhausted available administrative remedies,[3] and (3) did not unreasonably protract the administrative or judicial proceeding.  Sec. 7430(a) and (b)(1), (3).

## Issue 1.  Prevailing Party

To be a "prevailing party", a taxpayer must (1) substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues

---

[3]     This requirement does not apply to an award for reasonable administrative costs.  Sec. 7430(b)(1).

presented, and (2) meet the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B). Sec. 7430(c)(4)(A)(i) and (ii). A taxpayer will not be treated as a prevailing party, however, if the United States establishes that its position was substantially justified. Sec. 7430(c)(4)(B).

As we stated earlier, respondent concedes that petitioner substantially prevailed and met the net worth requirements. The parties primarily dispute, however, whether respondent's position in both the administrative and judicial proceedings was substantially justified.

Petitioner contends that respondent's position in both the administrative and judicial proceedings was not substantially justified. Specifically, petitioner claims that before the issuance of the notice of deficiency, respondent knew or had reason to know that the $750,000 received by petitioner in 1992 was in the nature of a property settlement incident to divorce and thus, pursuant to section 1041, not includable in her gross income.

Respondent asserts that it was reasonable to argue inconsistent positions against petitioner and Human in order to protect the revenue. The inconsistent positions were necessary, respondent claims, because Human maintained that his payment to petitioner in 1992 was alimony deductible by him and thus includable in petitioner's income.

We find respondent's arguments unpersuasive. For the reasons set forth below, we shall grant petitioner's motion for award of reasonable litigation and administrative costs.

Position of the United States

The Commissioner takes a position in an administrative proceeding as of the earlier of the date the taxpayer receives an Internal Revenue Service (IRS) Appeals decision or the date of the notice of deficiency. Sec. 7430(c)(7)(B). Respondent's position in the administrative proceeding was first established with the issuance of the notice of deficiency, dated August 30, 1996.[4]

The position taken by the United States, for purposes of litigation costs, is the position of the United States in a judicial proceeding. Sec. 7430(c)(7)(A). Respondent took a position in the judicial proceeding herein on the date respondent's answer was filed--January 13, 1997. See Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-144.

Substantial Justification

The Commissioner's position is substantially justified if that position could satisfy a reasonable person and if it has a

---

[4] Petitioner incorrectly asserts that Nov. 1, 1995, is the "Administrative Proceeding Date." This is immaterial, however, as petitioner does not seek fees for services rendered prior to Oct. 23, 1996.

reasonable basis in both fact and law.  Pierce v. Underwood, 487 U.S. 552, 565 (1988); Swanson v. Commissioner, 106 T.C. 76, 86 (1996).  We examine the facts known to the Commissioner at the time the position was taken.  Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 689 (1990).  The fact that the Commissioner eventually loses or concedes a case is not determinative of whether a taxpayer is entitled to reasonable litigation and administrative costs.  Sokol v. Commissioner, 92 T.C. 760, 767 (1989).

### Administrative Proceeding

We first consider whether respondent's position during the administrative proceeding was substantially justified.  The sole issue involved in the administrative proceeding was whether the $750,000 payment petitioner received in 1992 from Human was periodic alimony under Georgia law, thereby includable in her income, or lump-sum alimony under Georgia law and thus excludable from her income.

On August 10, 1995, shortly after the IRS initiated an examination of petitioner's 1992 return, one of petitioner's attorneys met with Merlon Harper (Harper), the IRS agent conducting the examination.  During that meeting, petitioner's attorney explained that the $750,000 payment received from Human was in the nature of a property settlement and not includable in her income.  In addition, petitioner's attorney submitted a legal

memorandum and copies of the court decisions discussed in the memorandum which supported the position that under Georgia law the payment was lump-sum alimony in the nature of a property settlement.

On September 22, 1995, petitioner's tax attorney, Stephen C. Beeler (Beeler), provided Revenue Agent Harper with a second legal memorandum that reviewed in detail the facts preceding the $750,000 payment from Human and discussed at length the conclusion that the payment was lump-sum alimony and not includable in petitioner's income.

The underlying controversy focused on section 71(a), which provides: "Gross income includes amounts received as alimony or separate maintenance payments." A payment satisfies the definition of alimony only if there is no liability to make any such payment after the death of the payee spouse. Sec. 71(b)(1)(D).

Respondent argues that the divorce decree specifically referred to the $750,000 payment as "alimony" and was silent as to Human's obligation to make payment upon petitioner's death. Therefore, respondent states, "it was necessary * * * to review state court opinions on this issue."

The Supreme Court of Georgia addressed this issue in Winokur v. Winokur, 365 S.E.2d 94 (Ga. 1988). In that case, the Supreme Court of Georgia stated:

This case calls for a distinction between periodic alimony and lump sum alimony.  The question is important because the obligation to pay periodic alimony terminates at the death of either party while the obligation to pay lump sum alimony * * * does not * * *

Id. at 95.  The Supreme Court of Georgia then defined lump-sum alimony:

If the words of the documents creating the obligation state the exact amount of each payment and the exact number of payments to be made without other limitations, conditions or statements of intent, the obligation is one for lump sum alimony * * *.

Id. at 96.  The payment may be made either at once or in intervals.  Id.; see also Stone v. Stone, 330 S.E.2d 887 (Ga. 1985).  If the above conditions are satisfied, the payments are considered lump-sum alimony under Georgia law in the nature of a property settlement and thus not includable in income to the payee.[5]  See Winokur v. Winokur, supra.

Having identified the rule under Georgia law, we now turn to its application in petitioner's case.  The exact amount of the payment ($750,000) and the exact number of payments (single payment at once) are stated without other limitations,

---

[5]    In this manner, the Supreme Court of Georgia applies substance over form.  If the divorce decree states the exact amount and number of payments without other conditions, i.e., the remarriage of the payee spouse, the payment will be termed lump-sum alimony with the duty to pay surviving the payee spouse.  The payment may be made in gross or installments.  As long as the above conditions are satisfied, Georgia law recognizes that in substance the payment is a property settlement even though defined as lump-sum alimony.

conditions, or statements of intent. Therefore, the payment satisfies the definition of lump-sum alimony as provided by the Supreme Court of Georgia. In addition, the divorce decree does not refer to the payment merely as "alimony" as respondent claims, but specifically as "lump sum alimony". As lump-sum alimony, Human's obligation to pay petitioner $750,000 would not have terminated had petitioner died before payment. Therefore, the payment did not satisfy the definition of alimony under section 71 and could not be includable in petitioner's income.

Respondent was in possession of this information before the issuance of the notice of deficiency. The only adjustments made to petitioner's 1992 return in the notice of deficiency were an addition of $750,000 to petitioner's income and a penalty under section 6662 of $48,118. The notice of deficiency stated that these adjustments were made "due to a whipsaw issue between * * * [petitioner] and a related party."

We have previously recognized the propriety of respondent's assuming inconsistent positions between former spouses regarding payments incident to divorce under certain circumstances. See Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Warnack v. Commissioner, 71 T.C. 541, 547-548 (1979). Respondent argues that inconsistent positions were required here because Human took the position that his payment to petitioner in 1992 was alimony deductible by him and includable in petitioner's income. We

disagree. Inconsistent positions were not appropriate here. There was no doubt about the facts, and the State law was clear that the payment to petitioner in 1992 was in the nature of a property settlement and not alimony.

In sum, we find that respondent failed to carry the burden in establishing that the position taken during the administrative proceeding was substantially justified.

### Judicial Proceeding

We now examine whether respondent's position in the judicial proceeding was substantially justified. The position taken in respondent's answer was the same as in the notice of deficiency; i.e., respondent claimed that the $750,000 payment was includable in petitioner's income for 1992. As stated above, respondent was in possession of information which established that this position was erroneous over a year before the answer was filed.

Respondent argues, however, that new information was received after the time the answer was filed (January 13, 1997). Respondent claims that the legal memorandum received from Beeler on September 22, 1995, did not disclose that the payment was made by the clerk of the Superior Court pursuant to a property condemnation order and not by Human directly. Respondent claims that it was not until August 20, 1997, that he knew the clerk and not Human had made the payment. This, respondent asserts, formed the basis for filing a notice of no objection to petitioner's

motion for summary judgment. We fail to see the relevance of this argument. The fact that the payment was made by the clerk is not determinative as to whether the payment was alimony. If the payment had been made by Human directly to petitioner, it still would have been in the nature of a property settlement.

Accordingly, respondent has failed to carry the burden in establishing that the position in the judicial proceeding was substantially justified.

Issue 2. Reasonable Administrative and Litigation Costs

Petitioner seeks recovery of reasonable litigation and administrative costs that she incurred. We have observed that "'So long as the government's position justifies recovery of fees, any reasonable fees to recover such fees are recoverable.'" Galedrige Constr., Inc. v. Commissioner, T.C. Memo. 1997-485 (quoting Huffman v. Commissioner, 978 F.2d at 1149). Thus, the fees incurred by petitioner for her motion for reasonable litigation and administrative costs are recoverable. We must decide whether the number of hours billed, the rate at which those hours were billed, and the miscellaneous costs are reasonable as claimed by petitioner.

Fees of Attorney Stephen C. Beeler

Petitioner submitted an itemized statement from her attorney, Beeler, for the hours that were spent on the case from October 23, 1996, through November 18, 1997. Beeler billed his

time at an hourly rate of $180 through December 31, 1996, and $190 beginning on January 1, 1997. Respondent objects to Beeler's rate as exceeding the statutory maximum.

Section 7430(c) defines reasonable litigation and administrative costs in part as "reasonable fees paid or incurred for the services of attorneys". Section 7430(c)(1)(B)(iii) limits the hourly rate for attorney's fees to $110, with allowances for increase in the cost of living[6] and other special factors.

Beeler attempts to establish certain special factors in order to justify billing at an hourly rate exceeding the statutory cap. He lists his experience as a tax attorney, a tax law professor, and an author of tax articles. In addition, Beeler claims that his hourly rate is equal to or lower than the prevailing local rates charged by tax attorneys with comparable experience and that petitioner could not have obtained a similarly qualified local tax attorney at a lower rate.

---

[6] The cost of living increase provided in sec. 7430(c)(1) does not help petitioner here. Sec. 7430(c)(1) provides that attorney's fees for 1997 are eligible for the increase as determined under that section and sec. 1(f)(3). See also Rev. Proc. 96-59, 1996-2 C.B. 392. Under the preceding determination, Beeler's allowable fee for services rendered in 1997 is $113. Sec. 7430(c)(1) also provides, however, that if after the increase the fee is not a multiple of $10, it shall be rounded to the nearest multiple of $10. Therefore, Beeler's allowable fee for 1997 is rounded down and remains at $110.

We recently addressed special factors in this context in Cozean v. Commissioner, 109 T.C. 227 (1997).  In Cozean, we recognized that for the "limited availability of qualified attorneys" to qualify as a special factor allowing an increase in the statutory maximum, "there must be a limited availability of attorneys who possess distinctive knowledge or a specialized skill needful to the particular litigation in question, as opposed to an extraordinary level of general lawyerly knowledge." Id. at 232 (citing Pierce v. Underwood, 487 U.S. 552, 572 (1988)).  In providing examples of attorneys possessing distinctive knowledge or specialized skill, the Supreme Court listed patent attorneys and attorneys with knowledge of foreign language or law.  Pierce v. Underwood, supra at 572.

We have further noted that "the work and ability of counsel, the results obtained, and the customary fees and awards in other cases should not be considered for the purpose of determining whether an increased award is warranted."  Cozean v. Commissioner, supra at 232-233 (citing Pierce v. Underwood, supra at 573).

In accordance with the above, we do not regard as a special factor the substantive tax expertise of Beeler nor the prevailing local rates of tax attorneys with similar credentials.  Although petitioner required the services of a competent tax attorney, she has failed to establish that there was a limited availability of

such attorneys or that a special factor existed which justifies an increase in the statutory maximum provided in section 7430(c)(1)(B)(iii).

In addition, respondent claims that petitioner did not submit adequate documentation to support her claimed costs and that Beeler's billing summaries were not adequately itemized. We disagree. Petitioner provided a sufficient summary for the services rendered by Beeler. See Rule 232(d)(1).

Respondent argues that "the hours billed [by Beeler] in this matter far exceed the normal and reasonable number of hours that should have been expended in this matter, given the narrowness of the legal issue involved in the case and the straightforward nature of the facts." We disagree and hold that the number of hours billed by Beeler is reasonable, except as stated below.

Beeler provided billing statements dated October 3, 1997, and November 4, 1997 (Invoice Nos. 7523 and 7560, respectively). These statements combined services rendered by Beeler and another member of his law firm.[7] Although we may allow recovery for paralegal and other reasonable fees, this individual is not identified in any of the submissions and does not provide an hourly billing rate. Accordingly, we will not award fees for

---

[7] On the billing statements, Beeler is identified as "SCB". The other individual is identified merely as "DLR." We assume DLR is a paralegal, as the services rendered by the individual include compiling documents for Beeler.

these hours.  The October 3, 1997, billing statement lists 26.3

aggregate hours of combined services.  We find 18 hours to be

reasonable for services rendered by Beeler.  The November 4,

1997, billing statement lists 9 aggregate hours of combined

services.  We find 3 hours to be reasonable for services rendered

by Beeler.[8]

Fees of Attorney John Elson Howard[9]

Respondent further argues that the submission of fees for

services rendered by John Elson Howard (Howard) as a "consulting"

attorney is not reasonable.  Petitioner submitted an itemized

---

[8]     The following statements, which we find reasonable,
were also submitted for services rendered by Beeler:

| Date | Hours |
|------|-------|
| Dec. 1, 1996 | 7.2 |
| Feb. 1, 1997 | 5.1 |
| June 7, 1997 | 2.9 |
| July 5, 1997 | 4.2 |
| Aug. 2, 1997 | 11.5 |
| Sept. 2, 1997 | 18.8 |
| Dec. 1, 1997 | 4.5 |

[9]     Petitioner submitted an itemized statement from John
Elson Howard, P.C., which purports to be of services provided by
John Elson Howard (Howard) and David Etheriedge (Etheriedge) of
Resources Planning Group, Inc., and of John Elson Howard, P.C.,
on behalf of petitioner.  The statement merely provides a vague
description of the services provided, the date the services were
provided, and the cost of the services.  A supplemental affidavit
stated that the hourly billing rates of Howard and Etheriedge
were $175 and $150, respectively.  The statement does not
indicate which attorney provided which services or the number of
hours (itemized or aggregate) spent on the case.  Since the
statement is so nebulous, we will address the services as being
rendered by Howard.

statement from Howard for his services rendered from June 3 through September 5, 1997. Howard billed for professional services in connection with the filing of petitioner's summary judgment motion. In support of her summary judgment motion, petitioner relied on the same argument presented by Beeler in his legal memorandum dated September 22, 1995. Accordingly, the services rendered by Howard are duplicative of those rendered by Beeler. We shall not award fees for these hours.

<u>Miscellaneous Litigation Expenses</u>

Petitioner submitted a bill showing $206.23 of miscellaneous litigation costs, including photocopying and a filing fee. We find this amount to be reasonable.

In summary, we hold that petitioner is entitled to an award of attorney's fees in the amount of $8,272 for services rendered by Beeler at the limited rate set forth in section 7430(c)(1)(B)(iii). Petitioner is not entitled to an award of attorney's fees for services rendered by Howard. Finally, petitioner is entitled to miscellaneous litigation expenses incurred in the amount of $206.23.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.
