T.C. Memo. 1998-106


UNITED STATES TAX COURT


LARRY WADE HUMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25675-96.                    Filed March 16, 1998.


        In 1992, P deducted payments in the amount of
$971,684 made to or on behalf of his former spouse
pursuant to a final judgment and decree of divorce as
alimony under sec. 215(a), I.R.C.  R disallowed the
alimony deduction completely, determining that the
payments failed to satisfy all the requirements for
treatment as alimony.  R further determined that P was
liable for the accuracy-related penalty for negligence
or disregard of rules or regulations pursuant to sec.
6662(a), I.R.C.

1.  <u>Held</u>:  The obligation to make the lump-sum payments
at issue would survive the death of P's former spouse
under State law, and therefore such payments are not
deductible to P as alimony.  Secs. 71(b), 215(a),
I.R.C.

2.  <u>Held</u>, <u>further</u>, P is not liable for the accuracy-
related penalty for negligence pursuant to sec.

6662(a), I.R.C.  Sec. 6664(c)(1), I.R.C.; sec. 1.6664-4(b)(1), Income Tax Regs.

Larry Wade Human, pro se.

Clinton M. Fried, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NIMS, Judge:  Respondent determined a deficiency in petitioner Larry Wade Human's Federal income tax for his 1992 taxable year in the amount of $272,222.  Respondent further determined that petitioner is liable for an accuracy-related penalty for negligence or disregard of rules or regulations pursuant to section 6662(a) in the amount of $54,444 for that year.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are as follows:  (1) Whether the payments of $971,684 made to or on behalf of petitioner's former spouse, Anita C. Human (Anita), constitute alimony within the meaning of section 71 so as to be deductible by petitioner pursuant to section 215(a); and (2) whether petitioner is liable for the section 6662(a) accuracy-related penalty.

Petitioner resided in Dunwoody, Georgia, at the time he filed his petition.

FINDINGS OF FACT

Petitioner married Anita on February 16, 1979. They had two children together.

A jury verdict in an action for divorce brought by Anita was rendered on November 17, 1989. Paragraph 5 of the form verdict provides: "Alimony is awarded as follows: Two lump sum payments. $24,000 immediately, $750,000 on or before May 17th 1990." A "Final Judgement and Decree" of divorce (Judgment) was entered by the Superior Court of DeKalb County, Georgia (Superior Court), on January 2, 1990. The Judgment incorporated the jury verdict and in paragraph 3 ordered as follows:

> 3. The Defendant Husband shall pay to the Plaintiff Wife lump sum alimony payments in the amounts of:
> a. Twenty-Four Thousand Dollars ($24,000.00) instanter; and,
> b. Seven Hundred Fifty Thousand Dollars ($750,000.00) on or before May 17, 1990.

On June 25, 1992, the Superior Court heard Anita's contempt action against petitioner for his failure to pay the amount required under the Judgment. In late 1992, pursuant to the Judgment and a November 13, 1992, order of the Superior Court, the clerk disbursed funds to Anita out of the Registry of the court in the amount of $750,000, plus interest thereon in the amount of $221,684, less attorney's fees payable to Butler and Seigal, P.C., of $57,726.80. (Such funds stemmed from an earlier

condemnation action brought by DeKalb County involving the marital residence of petitioner and Anita.)

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for taxable year 1992. On line 29, "Alimony paid", of his return, petitioner claimed a deduction of $971,684, which amount represents the sum of $913,957.60 paid to Anita, as well as attorney's fees of $57,726.80 paid on her behalf. (The amount of $971,684 deducted by petitioner on his return appears to have been rounded to the nearest dollar.)

Petitioner's accountant for 16 years, Clark Tomlin (Tomlin), prepared and signed petitioner's 1992 return. Petitioner discussed the deductibility of the payments to Anita with Tomlin "several times" before the return was prepared. Petitioner stated that "after 16 years, if * * * [Tomlin] didn't think he was correct, * * * [Tomlin] wouldn't have signed * * * [the return]". Petitioner also spoke with an attorney and former employee of the IRS, Bill Indictor (Indictor), "a bunch of times" about this issue in 1992. Tomlin talked with Indictor as well. Petitioner presented to Tomlin "everything" related to the alimony issue, including the Judgment, in order for Tomlin to accurately prepare petitioner's 1992 return.

On August 30, 1996, respondent issued a notice of deficiency to petitioner for taxable year 1992. Respondent disallowed petitioner's alimony deduction in its entirety. In Workpaper Comments attached to the notice, respondent stated that the

payments failed to satisfy all of the requirements for treatment as alimony.  Other adjustments to income were computational in nature.  Respondent further determined that petitioner was liable for the accuracy-related penalty for negligence or disregard of rules or regulations pursuant to section 6662(a).

OPINION

## I.  Whether Petitioner Is Entitled to an Alimony Deduction Pursuant to Section 215(a)

Section 215(a) allows as a deduction to the payor an amount equal to the alimony or separate maintenance payments made during the payor's taxable year.  Whether a payment constitutes alimony or separate maintenance within the meaning of section 215(a) is determined by reference to section 71(b).

Section 71(b) provides in pertinent part as follows:

SEC. 71(b).  Alimony or Separate Maintenance Payments Defined.--For purposes of this section--

(1)  In general.--The term "alimony or separate maintenance payment" means any payment in cash if--

* * * * * * *

(D)  there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Respondent argues that the contested payments in the amount of $971,684 are not alimony, and are therefore not deductible by petitioner, as they do not meet the requirements of section 71(b)(1)(D).  Petitioner, on the other hand, asserts that the

requirements set forth in section 71(b)(1)(D) have been satisfied.  In that connection, petitioner maintains that "even though there is no stipulation that the * * * [payments] terminate upon the death of Mrs. Human * * *, this is implied."

For reasons which follow, we agree with respondent.

Pursuant to the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1843(b), 100 Stat. 2853, a divorce or separation instrument executed after December 31, 1984, need not expressly provide for the termination of payments upon the death of the payee spouse in order for such payments to be treated as alimony, provided that such termination is implied under State law.  Notice 87-9, 1987-1 C.B. 421, 422.  Thus, we must turn to Georgia law for guidance as to whether an obligation to make the contested payments remained on the part of petitioner in the event of Anita's death.  See Sampson v. Commissioner, 81 T.C. 614, 618-619 (1983), affd. without published opinion 829 F.2d 39 (6th Cir. 1987).

Georgia law recognizes alimony as either periodic or lump sum.  Winokur v. Winokur, 365 S.E.2d 94, 95 (Ga. 1988).  "Lump sum alimony" may be payable in specified installments or at once. Stone v. Stone, 330 S.E.2d 887, 889 (Ga. 1985).  In Winokur v. Winokur, supra at 96, the Georgia Supreme Court defined lump-sum alimony as follows:

> If the words of the documents creating the obligation state the exact amount of each payment and the exact number of payments to be made without other limitations, conditions or statements of intent, the

> obligation is one for lump sum alimony payable in installments.

See also <u>Stone v. Stone</u>, <u>supra</u> at 889.  That court noted that the distinction between lump sum and periodic alimony is important inasmuch as "the obligation to pay periodic alimony terminates at the death of either party <u>while the obligation to pay lump sum alimony in installments over a period of time does not</u>."  <u>Winokur v. Winokur</u>, <u>supra</u> at 95 (emphasis added).

In the present case, the Judgment incorporating the jury verdict required petitioner to pay two installments of $24,000 and $750,000.  Thus, the number of payments and the amount of each payment were specified.  Moreover, no other limitations, conditions, or statements of intent are present in the words of the documents creating the obligation.  Cf. <u>Dillard v. Dillard</u>, 458 S.E.2d 102, 103 (Ga. 1995).  Since the payments in 1992 meet the definition for lump-sum alimony set forth in <u>Winokur v. Winokur</u>, <u>supra</u>, it follows that they would have remained payable to Anita's estate in the event of her death.  <u>Id.</u> at 95.

In view of the above discussion, we hold that the lump-sum payments in the amount of $971,684 made to Anita and on her behalf are not alimony within the meaning of section 71.  See <u>Stokes v. Commissioner</u>, T.C. Memo. 1994-456.  Consequently, they are not deductible to petitioner pursuant to section 215(a).

<u>II.  Whether Petitioner Is Liable for the Section 6662(a) Accuracy-Related Penalty</u>

Section 6662(a) and (b)(1) impose a penalty equal to 20 percent of any portion of an underpayment attributable to negligence or disregard of rules or regulations. Petitioner bears the burden of proving that he is not liable for this penalty. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982).

Negligence is defined as the lack of due care or failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Section 6664(c)(1) provides that no penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and the taxpayer acted in good faith with respect thereto. Whether the taxpayer acted with reasonable cause and in good faith is determined on a case-by-case basis taking into account all of the pertinent facts and circumstances. Holowinski v. Commissioner, T.C. Memo. 1997-168; Remy v. Commissioner, T.C. Memo. 1997-72; sec. 1.6664-4(b)(1), Income Tax Regs.

If a taxpayer reasonably relies in good faith upon the advice of a competent and experienced accountant in the preparation of the taxpayer's return, the penalty for negligence or disregard of rules or regulations is not applicable. Weis v. Commissioner, 94 T.C. 473, 487 (1990); Conlorez Corp. v.

Commissioner, 51 T.C. 467, 475 (1968); sec. 1.6664-4(b)(1) and (2), Example (1), Income Tax Regs. To show good faith reliance, the taxpayer must show that the return preparer was supplied with all the necessary information and the incorrect return was the result of the preparer's mistakes. Pessin v. Commissioner, 59 T.C. 473, 489 (1972); Enoch v. Commissioner, 57 T.C. 781, 803 (1972).

Petitioner retained a certified public accountant to prepare his 1992 return and advise him as to the deductibility of the payments made to or on behalf of his former spouse pursuant to the Judgment. Tomlin had been petitioner's accountant for 16 years, and petitioner relied on him to complete the return accurately. Petitioner supplied Tomlin with all of the records in his possession pertaining to the payments to his former spouse, including the Judgment. In addition, petitioner spoke with Indictor, an attorney and former employee of the IRS, about the deductibility of the payments several times before completing his 1992 return. Based on this record, even though we have found that petitioner's reliance on Tomlin and Indictor was misplaced, we find that petitioner acted with reasonable cause and good faith in attempting to comply with the provisions of the Internal Revenue Code. We hold, therefore, that petitioner is not liable for the section 6662(a) accuracy-related penalty determined by respondent. See Rosenthal v. Commissioner, T.C. Memo. 1995-603; Conway v. Commissioner, T.C. Memo. 1994-405.

We have considered the remaining arguments of the parties, and to the extent they are not discussed herein, find them to be either irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155</u>.