T.C. Memo. 2004-98



UNITED STATES TAX COURT



JAY MUKHERJEE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13523-02.                    Filed April 7, 2004.


D. Robert Autry, Jr., for petitioner.

Nancy E. Hooten, for respondent.



MEMORANDUM OPINION


WELLS, Chief Judge:  Respondent determined a deficiency in

the amount of $17,400 in petitioner's Federal income tax for

2000. The sole issue for decision is whether petitioner is

entitled to deduct under section 215 as alimony a payment that he

made to his former wife pursuant to the judgment of a State court

entered on a jury's verdict in their divorce proceedings awarding

her "lump sum alimony".  This case was submitted fully stipulated under Rule 122.[1]  The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Background

At the time he filed his petition, petitioner resided in Atlanta, Georgia.

In 1997, petitioner married Rinku Mukherjee.  Sometime in 1999, petitioner filed a petition for divorce with the Superior Court of DeKalb County, State of Georgia (the Georgia Superior Court).  Mrs. Mukherjee then counterclaimed, asking, among other things, for an equitable division of petitioner's property and a substantial alimony settlement.

In June 2000, the above matters in the Georgia Superior Court divorce proceedings came to trial before a jury.  At the end of the trial, the jury was instructed to render its verdict by making findings as to a set of interrogatories in the special verdict form that was provided to the jury.  Among other things, in the verdict it rendered on June 22, 2000, the jury, found, in pertinent part:

> (3) As to the issue of EQUITABLE DISTRIBUTION OF PROPERTY, We the jury, find as follows:
>
>      X   for the Husband (no award to Wife)

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year at issue.

- 3 -

OR

\_\_\_\_\_ for the Wife in the following amount:
_____

(4) As to the issue of LUMP SUM ALIMONY, We, the jury,
find as follows:

\_\_\_\_\_ for the Husband (no award to Wife)

OR

__X__ for the Wife in the following amount:
$55,000

On July 17, 2000, the Georgia Superior Court issued its
Final Judgment and Decree of Divorce.  This July 17, 2000, Final
Judgment noted and expressly incorporated therein the jury's
verdict.  It further, among other things, required petitioner to
pay petitioner's former wife as alimony $55,000 in cash, "lump
sum".

As required by the jury verdict, petitioner paid $55,000 to
his former wife on August 1, 2000.

On his return for 2000, petitioner claimed and deducted the
$55,000 paid to his former wife as alimony under section 215.

In the notice of deficiency issued to petitioner, respondent
disallowed the $55,000 deduction for alimony paid that petitioner
claimed.

Discussion

Section 215(a) allows an individual taxpayer a deduction for
the alimony or separate maintenance payments made during that
taxpayer's taxable year.  For purposes of section 215, "alimony

or separate maintenance payment" means any alimony or separate maintenance payment (as defined in section 71(b)) that is includable in the gross income of the recipient under section 71. Sec. 215(b).

Section 71 provides in pertinent part:

SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.
   (a) General Rule.--Gross income includes amounts received as alimony or separate maintenance payments.

   (b) Alimony or Separate Maintenance Payments Defined.--For purposes of this section-

      (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if-

         (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

         (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

         (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

         (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

         *      *      *      *      *      *      *

(e) Exception for Joint Returns.--This section and section 215 shall not apply if the spouses make a joint return with each other.

In the instant case, except for the requirements of section 71(b)(1)(D), the parties agree that the $55,000 payment by petitioner meets all other requirements for deduction under sections 215 and 71. The parties here disagree only as to whether petitioner's obligation to make the payment would have survived petitioner's former wife's death, in the event that she died prior to petitioner's paying her on August 1, 2000.

In section 71(b)(1)(D), Congress recognized that payments would be for the support of the payee spouse only if they related to a period before her death, and that payments for periods after her death would not provide such support. Accordingly, Congress imposed the section 71(b)(1)(D) requirements (i.e., that the obligation to make such alimony or separate maintenance payments terminate immediately upon the death of the payee spouse) in order to prevent the deduction of amounts that are in effect transfers of property unrelated to the support needs of the recipient spouse. Hoover v. Commissioner, 102 F.3d 842, 845-846 (6th Cir. 1996) (citing H. Rept. 98-432 (part 2), at 1496 (1984)), affg. T.C. Memo. 1995-183.

As originally enacted in 1984, section 71(b)(1)(D) required that the divorce or separation instrument include a provision that any obligation or liability to make payments of alimony or separate maintenance would terminate with the payee spouse's

death.  In 1986, section 71(b)(1)(D) was retroactively amended so that such payments now qualify as long as termination of such liability would occur by operation of State law.  Hoover v. Commissioner, supra at 845-846.

Under Georgia law, the obligation of a payor spouse to pay "lump sum alimony" to the payee spouse does not cease upon the payee spouse's death, because the Georgia courts have held that "lump sum alimony" is in the nature of a property settlement, regardless of its designation as alimony instead of a property settlement.  Winokur v. Winokur, 365 S.E.2d 94, 95 (Ga. 1988). Such "lump sum alimony" may be paid either at once or in specified installments.  Id. at 96; Stone v. Stone, 330 S.E.2d 887 (Ga. 1985).

In contrast to "lump sum alimony", under Georgia law, the obligation to pay periodic alimony terminates upon either the death of the payor spouse or the death of the payee spouse. Winokur v. Winokur, supra at 94.

In Winokur, the Georgia Supreme Court further specified the rule to be utilized in determining whether particular payments in question are "lump sum alimony", as opposed to periodic alimony. It stated that "If the words of the documents creating the obligation state the exact number of payments to be made without other limitations, conditions or statements of intent, the obligation is one for lump sum alimony, payable in installments." Id. at 96.

As indicated previously, the parties here disagree over whether petitioner's obligation to pay the $55,000 to his former wife would have survived the former wife's death prior to petitioner's effectuating payment of the $55,000 to her on August 1, 2000.  Petitioner concedes that the jury's verdict does not specifically state whether or not his payment obligation to his former wife would terminate with her death.  Nonetheless, petitioner contends that, under Georgia law, his obligation to pay the $55,000 to petitioner's former wife would have terminated upon his former wife's death, because the $55,000 award is periodic alimony.  He argues that if the jury intended the payment obligation to be nonterminable, the jury's verdict should have instead specifically referred to the $55,000 award as a property settlement.  Petitioner also maintains that construing the $55,000 to be "lump sum alimony", under Georgia law, conflicts with the jury's other finding awarding to his former wife nothing from him as an equitable property distribution.

Respondent, on the other hand, contends that the $55,000 is "lump sum alimony" under Georgia law, and that petitioner's obligation to pay her the $55,000 would not have terminated with his former wife's death.  We agree with respondent.

Contrary to petitioner's argument, the jury's verdict specifically referred to and described the $55,000 award to be paid petitioner's former wife as "lump sum alimony".  In accordance with the verdict, in its July 17, 2000, Final Judgment, the Georgia Superior Court required petitioner pay her

$55,000 as alimony, "lump sum." Hence, under Georgia law, petitioner's obligation to pay the $55,000 would not have terminated upon his former wife's death prior to his making actual payment to her on August 1, 2000. Winokur v. Winokur, supra at 94-96; cf. Bisno v. Bisno, 236 S.E.2d 755 (Ga. 1977) (divorce agreement construed to provide for payment of terminable periodic alimony to wife where parties therein stated those alimony payments were intended to be deductible by the husband for Federal income tax purposes and where payments would otherwise not qualify to be deducted if husband's obligation to make those payments was nonterminable). Accordingly, we hold that the $55,000 lump-sum payment petitioner made to his former wife does not qualify to be deducted as alimony paid by him under section 215. Sec. 71(b)(1)(D); Preston v. Commissioner, T.C. Memo. 1999-49, affd. on this issue 209 F.3d 1281, 1285 (11th Cir. 2000); see also Human v. Commissioner, T.C. Memo. 1998-65.

To reflect the foregoing,

Decision will be entered

for respondent.