T.C. Summary Opinion 2007-114

UNITED STATES TAX COURT

THOMAS LETTIERI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13055-06S.                    Filed July 3, 2007.

Thomas Lettieri, pro se.

Travis T. Vance, for respondent.

COHEN, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.

Respondent determined a deficiency of $3,000 in petitioner's
Federal income tax for 2004.  The sole issue for decision is

whether payments totaling $12,000 made by petitioner to his former spouse in 2004 are alimony payments as defined by section 71(b) and thus deductible by petitioner under section 215(a). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Newnan, Georgia, at the time he filed his petition.

Petitioner married Gretchen Von Bergen (Von Bergen) on June 24, 1972. On July 12, 2002, Von Bergen filed for divorce from petitioner in the State of Georgia. On that day, petitioner and Von Bergen signed a document entitled "Divorce Settlement Agreement Between Gretchen Von Bergen Lettieri and Thomas Lettieri, July-August 2002" (settlement agreement).

The settlement agreement states:

Husband * * * and Wife * * * have distributed by their mutual agreement their household furnishings; have sold their real estate and split equally the proceeds; and have paid in full their debts.

Husband agrees to transfer to Wife's TIAA-CREF Retirement Fund the total sum (approximately $69,000) in his * * * Pension Plan. This transaction is to take place within one month of the Divorce decree.

Husband will pay to Wife in $1000/mo. increments (or more should he choose) the sum of $66,000. These payments are to be received by the 16th of the month (late fee: $5/day).

> Husband and Wife will share equally in agreed upon expenses related to their three non-minor children, including the education of their 18-year-old. There are no minor children.

The settlement agreement is silent as to whether the payments are to terminate upon the death of either party.

In 2004, petitioner made payments to Von Bergen pursuant to the settlement agreement totaling $12,000. He deducted those payments as alimony on his 2004 income tax return. Von Bergen did not include the $12,000 payments received from petitioner as alimony income on her 2004 return.

## Discussion

The parties dispute whether the payments made by petitioner to Von Bergen are alimony and thus deductible by petitioner under section 215. Resolution of this dispute depends on whether the payments, as a matter of law, terminate on the death of Von Bergen.

Section 215(a) provides a deduction to an individual equal to the alimony or separate maintenance payments paid during that individual's taxable year. Section 215(b) defines alimony as any payment that is includable in the gross income of the payee under section 71. Section 71(a) provides for the inclusion in income of any alimony or separate maintenance payments received during the taxable year. Section 71(b)(1) defines "alimony or separate maintenance payment" as any payment in cash if--

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Under section 71(b)(1)(D), if the payor is liable for any qualifying payment after the recipient's death, none of the related payments required will be deductible as alimony by the payor. See Kean v. Commissioner, 407 F.3d 186, 191 (3d Cir. 2005), affg. T.C. Memo. 2003-163. Whether a postdeath obligation exists may be determined by the terms of the divorce or separation instrument or, if the instrument is silent on the matter, by State law. Morgan v. Commissioner, 309 U.S. 78, 80-81 (1940); see also Kean v. Commissioner, supra. The parties dispute whether the payments at issue meet the requirement of section 71(b)(1)(D). The parties are in agreement that the divorce decree does not provide any conditions for the termination of these payments. Respondent maintains that the payments made by petitioner to Von Bergen are not deductible from

petitioner's income as alimony under section 215(a) because the obligation to make the payments does not terminate at the death of either party under Georgia law. Petitioner contends that the payments are deductible because he intended the payments to be alimony and because the settlement agreement did not specifically state that the payments do not terminate at the death of petitioner or Von Bergen.

Although section 71(b)(1)(D), as it was enacted in 1984, originally required that a divorce or separation instrument affirmatively state that liability for payments terminate upon the death of the payee spouse in order to be considered alimony, the statute was retroactively amended in 1986 so that such payments now qualify as alimony as long as termination of such liability would occur upon the death of the payee spouse by operation of State law. Hoover v. Commissioner, 102 F.3d 842, 845-846 (6th Cir. 1996), affg. T.C. Memo. 1995-183.

Under Georgia law, the obligation to pay periodic alimony terminates at the death of either party, while the obligation to pay lump sum alimony in installments over a period of time does not. Winokur v. Winokur, 365 S.E.2d 94, 95 (Ga. 1988). The Georgia Supreme Court has held that the obligation to pay lump sum alimony does not terminate upon the death of either party because lump sum alimony is in the nature of a property settlement, regardless of whether it is designated as alimony.

Id. The Georgia Supreme Court has also established the following test to be used in determining whether particular payments are lump sum alimony payable in installments, as opposed to periodic alimony: "If the words of the documents creating the obligation state the exact amount of each payment and the exact number of payments to be made without other limitations, conditions or statements of intent, the obligation is one for lump sum alimony payable in installments." Id. at 96.

The settlement agreement between petitioner and Von Bergen requires petitioner to pay "the sum of $66,000" to Von Bergen in monthly payments of at least $1,000. Although the exact number of payments would have varied if petitioner had paid more than the minimum $1,000 in any installment, petitioner was not legally obligated to pay to Von Bergen any more than "the sum of $66,000"; if petitioner did not have the option in the settlement agreement of paying more than the required $1,000 each month, he would have been required by the settlement agreement to pay Von Bergen exactly 66 payments of $1,000 each. Petitioner's obligation to Von Bergen is for an exact sum payable in monthly installments, which obligation is lump sum alimony under Georgia law and does not terminate upon the death of either the payee or the payor. Thus, we hold that the $12,000 paid to Von Bergen in 2004 pursuant to the settlement agreement between petitioner and Von Bergen does not qualify to be deducted as alimony paid by

petitioner under section 215.  Sec. 71(b)(1)(D); see <u>Mukherjee v. Commissioner</u>, T.C. Memo. 2004-98.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.