S94A1839. ALLEN v. ALLEN.
(452 SE2d 767)

FLETCHER, Justice.

We granted this application for discretionary appeal to decide whether the trial court was authorized to provide that Mr. Allen's alimony obligations shall not terminate upon Mrs. Allen's remarriage or cohabitation in a meretricious relationship. We hold that the trial court did not exceed its authority and we affirm.

1. Following a bench trial, the court entered a Final Divorce Decree awarding Mrs. Allen permanent alimony. The decree further provided that the "alimony payments shall not terminate upon the remarriage of the Plaintiff or upon her cohabitation in a meretricious relationship as presently contemplated under OCGA § 19-6-19 (b)." Mr. Allen contends that the trial court exceeded its authority because only a court order that incorporates a settlement agreement may provide that alimony shall not cease upon remarriage. We disagree.

OCGA § 19-6-5 (b) provides,

> All obligations for permanent alimony, however created, the time for performance of which has not arrived, shall terminate upon remarriage of the party to whom the obligations are owed unless otherwise provided.

To accept Mr. Allen's argument would require that this Court rewrite the statute to read "unless otherwise provided in a settlement agreement." The plain language of the statute does not permit the grafting of such a requirement. See *Sizemore v. State,* 262 Ga. 214, 216 (416 SE2d 500) (1992) (if plain language of statute is susceptible to only one meaning, court must follow that meaning unless it produces absurd result).

The history of this provision supports this interpretation. In 1981 the legislature modified OCGA § 19-6-5 (b). Prior to its amendment in 1981, § 19-6-5 (b) provided,

> All obligations for permanent alimony to a party, whether created by contract, verdict, judgment, or decree, the time for performance of which has not arrived, shall cease upon remarriage of the party to whom such obligations are owed unless otherwise provided.

The pre-amendment version contemplated that an alimony obligation created by decree could "otherwise provide" that the obligation would not terminate upon remarriage. The amended statute, by substituting the broader phrase "however created" for the narrower "whether created by contract, verdict, judgment, or decree" must also be construed to include an obligation created by judgment or decree. Thus, the trial court was authorized to provide in its Final Divorce Decree that Mr. Allen's alimony obligations would not cease upon Mrs. Allen's remarriage.

2. OCGA § 19-6-19 (b) provides, in part, that

> voluntary cohabitation . . . with a third party in a meretricious relationship shall also be grounds to modify provisions made for periodic payments of permanent alimony for the support of the former spouse.

This section does not require termination or reduction of the alimony obligation. See *Berman v. Berman*, 253 Ga. 298, 299 (319 SE2d 846) (1984) (under OCGA § 19-6-19 (b) court may, but is not required to, modify alimony if cohabitation is established); *Hurley v. Hurley*, 249 Ga. 220, 221 (290 SE2d 70) (1982) ("live-in lover" law does not mandate termination of alimony).

We interpret that part of the decree providing that "alimony payments shall not terminate upon [plaintiff's] cohabitation in a meretricious relationship" to mean that such cohabitation does not create a self-executing termination of the alimony obligation. Such interpretation is consistent with the law that holds that the parties are bound by the decree's provisions until they are modified in a separate proceeding as provided by law. See OCGA § 19-6-19; *Lindwall v. Lindwall*, 242 Ga. 13, 14 (247 SE2d 752) (1978). Because nothing in the divorce decree prevents Mr. Allen from seeking future *modification* of his alimony obligations, the trial court did not abuse its discretion.[1]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 30, 1995 —
RECONSIDERATION DENIED FEBRUARY 21, 1995.

*Swift, Currie, McGhee & Hiers, Jane C. Barwick, Mark M. Middleton,* for appellant.

---

[1] We recognize that alimony may be reduced or terminated in a modification action brought under this section. See *Temples v. Temples*, 262 Ga. 779, 780, n. 2 (425 SE2d 851) (1993); *Sims v. Sims*, 245 Ga. 680, 682 (266 SE2d 493) (1980).

*Wood, Odom & Edge, Gus L. Wood III,* for appellee.