David G. ACKLEY, Appellant,

v.

Patricia R. ACKLEY, Appellee.

Civ. No. 2:95–CV–17–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

Sept. 18, 1995.

Charles A. Ratz, Gray, Gilliland & Gold, Atlanta, Georgia, for plaintiff.

George Michael Banick, Alembik, Fine & Callner, Atlanta, Georgia, for defendant.

## ORDER

O'KELLEY, District Judge.

The captioned case is before the court for consideration of an appeal from a judgment entered by the United States Bankruptcy Court for the Northern District of Georgia [0–0].

## ISSUE

The issue before the court is whether the bankruptcy court erred in ruling that the jury award of $250,000.00 lump sum alimony to appellee is in the nature of alimony, maintenance or support, and thus is nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

## JURISDICTION AND STANDARDS OF REVIEW

Title 28 of the United States Code provides:

The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges under section 157 of this title.

28 U.S.C. § 158(a). "In reviewing bankruptcy court judgments, a district court functions as an appellate court. It reviews the bankruptcy court's legal conclusions *de novo* ... but must accept the bankruptcy court's factual findings unless they are clearly erroneous." *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir.1993) (citations omitted). "[T]he district court ... may [not] make independent factual findings. If the bankruptcy court is silent or ambiguous as to an outcome determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings." *Id.; see also Matter of T & B General Contracting, Inc.*, 833 F.2d 1455, 1459 (11th Cir.1987); *In re Greenbrook Carpet Co.*, 722 F.2d 659 (11th Cir.1984). In light of these procedural and evidentiary standards, the court can proceed to address the specific facts and issues presented by this case.

## FACTS

Appellant filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code on April 9, 1992. The case was subsequently converted to a proceeding under Chapter 11 on May 17, 1992. On February 22, 1993, the bankruptcy court converted this case to one under Chapter 7.

On June 28, 1993, appellant filed his Complaint to Determine the Dischargeability of Debt, alleging that his obligation to pay appellee $250,000.00 in lump sum alimony is not in the nature of alimony, support or maintenance, and thus is dischargeable.

This action was decided by the bankruptcy court on competing motions for summary judgment. The bankruptcy court entered its order and separate judgment on December 19, 1994, granting appellee's motion for summary judgment and denying appellant's motion for summary judgment. The bankruptcy court determined that the $250,000.00 award denominated as lump sum alimony is in the nature of alimony, support or maintenance and therefore is nondischargeable.

The facts which form the substance of this litigation are as follows. On December 2, 1992, after a jury trial, the Superior Court of Cobb County, Georgia entered a Final Judgment and Decree in which the parties were granted a divorce. The provisions of the decree also fixed and adjusted the parties' rights and obligations, and the court incorporated therein the jury's verdict regarding child support, property division, and alimony. The jury verdict provides, in relevant part:

We, the jury, find as to the issue of alimony

(1) That the Plaintiff [appellee herein] shall receive as alimony in kind the house at 2468 Hampton Glen Ct. Marietta, Ga. and all furnishings therein.

(2) That the Plaintiff [appellee herein] shall receive as lump sum alimony the sum of $250,000 to be paid at the rate of $50,000 per year for a period of 5 years to begin on April 1, 1993 and every year thereafter until complete sum is paid.

(3) Periodic alimony: None

Paragraph 20 of the Decree provides:

Defendant [appellant herein] shall pay to Plaintiff [appellee herein] as lump sum alimony the sum of $250,000. This sum shall be payable at the rate of $50,000 per year for a period of five (5) years, payable annually on April 1st of each year beginning April 1, 1993, and each year thereafter until paid in full. This lump sum alimony is not contingent upon the life of either party, nor is it contingent upon the remarriage of either party.

Relevant jury instructions given in the divorce action regarding alimony include the following:

Property which is acquired either before or during the course of the marriage by either party by way of gift from third parties, devise, inheritance or bequest remains the separate property of the party who acquired it and such property is not subject to equitable division. However, all property is subject to transfer to the other spouse by the way of lump sum alimony,

regardless of the manner or means by which the property was acquired.

\* \* \* \* \* \*

The types of alimony are as follows:

One, lump sum cash award. You may require one spouse to pay a lump sum cash award to the other spouse. You may require that the lump sum be paid in one payment or in periodic installments over a specified period of time. If you decide that a lump sum of alimony should be paid in periodic installments, this award is considered a property award and therefore would not end upon the death of either party. In other words, the payments will be payable to the estate of the party receiving alimony after that person's death. Similarly, it will be payable out of the estate of the party paying alimony after that person's death.

\* \* \* \* \* \*

[The] [t]hird type of alimony is periodic alimony payments. You may require periodic payments to be paid in the future. For example, weekly, monthly or quarterly. Unlike a lump sum cash award ... this award of periodic alimony payments will end upon the death of either party. In other words, these payments will not be payable to the estate of a party receiving alimony upon that person's death. Similarly, it will not be payable out of the estate of a party paying alimony after that person's death.

## LEGAL ANALYSIS

■■■  Section 523(a)(5) of the Bankruptcy Code provides that a liability designated as alimony, maintenance or support may not be discharged if such liability is "actually in the nature of alimony, maintenance or support." 11 U.S.C. § 523(a)(5). Because dischargeability is favored under the Bankruptcy Code, appellee has the burden of proof in demonstrating that the obligation at issue is actually in the nature of alimony, maintenance or support. *See Tilley v. Jessee,* 789 F.2d 1074, 1077 (4th Cir.1986). Federal rather than state law is applied in determining the nature of the obligation and its dischargeability. *In re Harrell,* 754 F.2d 902,

905 (11th Cir.1985). To determine if the jury award of lump sum alimony is in the nature of alimony, maintenance or support, the court must assess whether the jury intended the award to serve as a spousal support obligation or as a property settlement. *See In re Myers,* 61 B.R. 891, 894 (Bankr.N.D.Ga. 1986). The bankruptcy court held the award to be nondischargeable alimony. This court concludes that, as a matter of law, the award is a property settlement, and thus is dischargeable.

■■■  The use of the term "alimony" is not determinative of whether the disputed obligation constitutes nondischargeable alimony. *Usher v. Usher,* 442 F.Supp. 866, 868 (N.D.Ga.1977); *Myers,* 61 B.R. at 894. The jury in the instant case chose to award lump sum alimony after being instructed that lump sum alimony is considered a property award. The jury was informed that such an award does not terminate upon death of the recipient, and that it could instead award periodic alimony payments which would end upon the death of the recipient, when there is no longer a need for support. Thus, the jury likely did not intend its lump sum award to serve solely as support. The court finds that the jury award of lump sum alimony constitutes a dischargeable property settlement.

## CONCLUSION

For the foregoing reasons, the judgment of the bankruptcy court is hereby REVERSED [0–0]. The case is hereby REMANDED to the bankruptcy court for action consistent with this order.

IT IS SO ORDERED.