### S97A0769. METZLER v. METZLER.
(485 SE2d 459)

CARLEY, Justice.

In this divorce action between Mrs. Sue Anne Metzler (Wife) and Mr. Robert A. Metzler (Husband), the jury returned a verdict awarding Wife alimony of $50,000 for the first year, $40,000 for the second, third and fourth years and $30,000 for the fifth year. The verdict further specified that these yearly amounts of alimony were to be divided into 12 equal payments and that the "periodic alimony payments [were] to cease if either party dies." In the final divorce decree, the trial court specified the monthly, rather than yearly, amounts of alimony and it also provided that, in addition to the death of either party, Husband's alimony obligation was to terminate upon the remarriage or cohabitation of Wife. We granted Wife's application for discretionary appeal, stating the issue to be addressed as the following: "Did the final divorce decree entered by the trial court improperly alter the substance of the jury's verdict as to alimony?"

1. Wife urges that the final divorce decree erroneously orders that Husband's alimony obligation terminate upon her remarriage, since the jury did not so specify in its verdict. This issue is controlled by OCGA § 19-6-5 (b), which provides:

> All obligations for permanent alimony, however created, the time for performance of which has not arrived, shall terminate upon remarriage of the party to whom the obligations are owed unless otherwise provided.

This statute applies to alimony obligations created by verdict. See *Allen v. Allen*, 265 Ga. 53 (1) (452 SE2d 767) (1995). Accordingly, in order for it to be "otherwise provided" in this case, the verdict must, in clear and unequivocal language, "expressly refer to remarriage of [Wife] and specify that event shall not terminate the permanent alimony obligations created thereby." *Daopoulos v. Daopoulos*, 257 Ga. 71, 73 (354 SE2d 828) (1987). The verdict did not so provide, but merely indicated that Husband's alimony obligation would terminate upon the death of either party. Thus, the provision in the final divorce decree that Husband's alimony obligation will terminate upon Wife's remarriage is entirely consistent with the jury's failure to provide for the continuation of that obligation in that event.

2. Wife urges that the trial court erred by specifying in the final

decree the monthly, rather than yearly, amounts of alimony. Her specific contention is that, by so doing, the trial court altered the character of the jury's award from lump sum to periodic alimony.

An obligation is considered to be lump sum, rather than periodic, alimony if it states "the exact amount of each payment and the exact number of payments to be made without other limitations, conditions or statements of intent. . . ." *Winokur v. Winokur*, 258 Ga. 88, 90 (1) (365 SE2d 94) (1988). Here, the jury awarded a specific yearly amount of alimony for a five-year period and provided that the amount awarded for each year was to be divided into twelve equal payments. However, the jury further indicated that the "periodic alimony payments [were] to cease if either party dies." An obligation is considered to be periodic, rather than lump sum, alimony if it states the number and amount of payments and "also contains 'other limitations, conditions or statements of intent' characteristic of periodic alimony." *Dillard v. Dillard*, 265 Ga. 478, 479 (458 SE2d 102) (1995). Here, the jury not only denominated its award as "periodic alimony," it also specifically conditioned its award upon the survival of both parties. Because the total amount of alimony is contingent upon the length of the parties' lives and, thus, cannot be determined at present, the obligation is for periodic, not lump sum, alimony. *Dillard v. Dillard*, supra; *Sapp v. Sapp*, 259 Ga. 238, 240 (4) (378 SE2d 674) (1989). Therefore, the provision in the final divorce decree specifying the monthly amounts of periodic alimony properly effectuates the substance of the jury's verdict.

3. Wife further urges that the trial court erred by providing in the final divorce that Husband's alimony obligation will terminate upon her cohabitation. The parties themselves are free to contract for the automatic termination of alimony in the event of cohabitation. *Quillen v. Quillen*, 265 Ga. 779 (1) (462 SE2d 750) (1995). However, there is no statutory equivalent to OCGA § 19-6-5 (b) authorizing the automatic termination of alimony in such an event. To the contrary, OCGA § 19-6-19 (b) provides only that the voluntary cohabitation of a spouse receiving periodic alimony payments shall be grounds for modification of the alimony provisions of the divorce decree. "This section does not require termination or reduction of the alimony obligation. [Cits.]" *Allen v. Allen*, supra at 54 (2). Since there was no agreement that Husband's alimony obligation would terminate upon Wife's cohabitation, the trial court erred by including in the final divorce decree a provision for the prospective termination of alimony in that event. See *Donaldson v. Donaldson*, 262 Ga. 231, 232 (416 SE2d 514) (1992). Compare *Allen v. Allen*, supra at 54 (2).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED APRIL 28, 1997.

*Judy C. King,* for appellant.
*Lawrence L. Washburn III,* for appellee.