## S04A0740. DANIEL v. DANIEL.
(596 SE2d 608)

CARLEY, Justice.

When Gerald Daniel (Husband) and Mary Daniel (Wife) divorced, the final decree provided that he was to pay her $3,750 in "alimony" for a 36-month period, and then $1,500 per month until her death or remarriage. He subsequently brought an action to modify the $3,750 downward. Wife opposed the modification. She contended that only the $1,500 per month obligation was terminable upon her death or remarriage and, thus, that amount was the only modifiable alimony. The trial court granted Wife's motion to dismiss, holding that the monthly $3,750 was "lump sum alimony" and nonmodifiable. See OCGA § 19-6-21. "Only periodic payments of permanent alimony are subject to revision under [OCGA § 19-6-19]. . . . [Cit.]" *Nash v. Nash*, 244 Ga. 749, 750 (1) (262 SE2d 64) (1979), overruled on other grounds, *Winokur v. Winokur*, 258 Ga. 88, 90 (1) (365 SE2d 94) (1988). See also *Dillard v. Dillard*, 265 Ga. 478 (458 SE2d 102) (1995). Husband applied for a discretionary appeal, but his application was denied.

When Husband did not pay, Wife moved that he be held in contempt. The trial court found that he was in contempt, whereupon he filed for bankruptcy. The bankruptcy court lifted the automatic stay in order that the trial court could determine in the context of the contempt proceeding the dischargeability of the $3,750 in monthly "alimony." After conducting a hearing, the trial court concluded that the obligation "was for the maintenance and support of [Wife] and is not dischargeable in bankruptcy . . . ." Husband filed an application for discretionary appeal, which this Court granted in order to consider the trial court's ruling in light of the earlier determination that the obligation is not modifiable periodic alimony.

At the outset, we note the potential for some confusion resulting from the nomenclature used in our prior cases when referring to the various financial obligations owed to and by divorcing spouses in this state. "Alimony is an allowance out of one party's estate, made for the support of the other party when living separately. It is either temporary or permanent." OCGA § 19-6-1 (a). On the other hand, " '[p]roperty settlement' and 'property division' are terms used to refer to the determination of who owns property when its title is disputed and to the partitioning of jointly owned property. [Cits.]" *Hargrett v. Hargrett*, 242 Ga. 725, 728 (2) (251 SE2d 235) (1978), over-

ruled on other grounds, *Stokes v. Stokes*, 246 Ga. 765, 771 (3) (273 SE2d 169) (1980). In this connection,

> "[a]limony in gross, or in a lump sum, is in the nature of a final property settlement, and hence in some jurisdictions is not included in the term 'alimony,' which in its strict or technical sense contemplates money payments at regular intervals. [Cits.]" [Cit.]

*Hamilton v. Finch*, 238 Ga. 78 (1) (230 SE2d 881) (1976). See also *Winokur v. Winokur*, supra at 88 (1); *Bisno v. Bisno*, 239 Ga. 388 (236 SE2d 755) (1977). "Equitable property division" differs from both alimony and the settlement of property claims involving disputed title or joint ownership. *Stokes v. Stokes*, supra at 767-768 (3).

> Under the laws of this state, the court or jury has the authority to award the property of one spouse to the other spouse based solely on an equitable division of property. [Cit.] This right does not rely upon fraud or trust theories, but arises from the marital relationship.

*Bedford v. Bedford*, 246 Ga. 780, 781 (273 SE2d 167) (1980). Thus, equitable property division represents the "'allocation of assets acquired during the marriage to the parties, based on their respective equitable interests in those assets. (Cits.)' [Cit.]" *Wagan v. Wagan*, 263 Ga. 376, 377 (434 SE2d 475) (1993).

> The purpose behind the doctrine of equitable division of marital property is "to assure that property accumulated during the marriage be fairly distributed between the parties." [Cit.] Only property acquired as a direct result of the labor and investments of the parties during the marriage is subject to equitable division. [Cit.]

*Payson v. Payson*, 274 Ga. 231, 232 (1) (552 SE2d 839) (2001).
Under federal law, a debt owed "for alimony to, maintenance for, or support of" a former spouse or child is not subject to discharge in bankruptcy. 11 USC § 523 (a) (5). A division of property, on the other hand, is dischargeable. *Horner v. Horner*, 222 BR 918, 921 (III) (S.D. Ga. 1998); *Ackley v. Ackley*, 187 BR 24, 26 (N.D. Ga. 1995). The collateral estoppel doctrine precludes the re-litigation of an issue previously adjudicated on the merits in an action between the same parties or their privies. *Shields v. BellSouth Advertising & Publishing Corp.*, 273 Ga. 774, 777 (II) (545 SE2d 898) (2001). Thus, Husband correctly asserts that Wife is estopped to deny that the $3,750 represents lump sum alimony. However, the principle of estoppel is not

decisive in this case. Lump sum alimony is merely in the "nature" of a property settlement, and thus is not necessarily the equivalent of an equitable division of marital property. See *Stokes v. Stokes*, supra at 768 (3). Moreover, "the label of a particular obligation is not determinative of its dischargeability, but rather its substance and function." *Horner v. Horner*, supra at 924 (III). Thus,

> a classification under state law of . . . claims . . . as either alimony or a property settlement is not dispositive of the question of whether the claims are dischargeable in bankruptcy. . . . [D]ebts for alimony *or maintenance or support of [a spouse] or child* are not dischargeable in bankruptcy. It is entirely conceivable that the purpose of a property settlement might be to provide the former [W]ife with maintenance or support. If so, the obligation of the former [H]usband to effectuate the property settlement agreement, or comply with the decree in which it is embodied, would not be dischargeable in bankruptcy. (Emphasis in original.)

*Manuel v. Manuel*, 239 Ga. 685, 687-688 (238 SE2d 328) (1977). Accordingly, the controlling issue is whether this particular award of lump sum alimony is for Wife's maintenance or support, even though it is in the "nature" of a property settlement rather than periodic alimony. *Manuel v. Manuel*, supra at 688. See also *Lewis v. Lewis*, 258 Ga. 617 (373 SE2d 18) (1988).

In making this determination, a trial court is permitted "to look behind the judgment to the record to ascertain from the facts and circumstances of the marital situation whether the obligation imposed on the [ex-spouse] . . . is dischargeable in bankruptcy. [Cit.]" *Manuel v. Manuel*, supra at 689.

> To ascertain the intent of the parties and the substance and function of the obligation, a . . . judge may consider any or all of the following factors:
> (1) The amount of alimony, if any, . . . and the adequacy of any such award;
> (2) the need for support and the relative income of the parties at the time the divorce decree was entered;
> (3) the number and age of children;
> (4) the length of the marriage;
> (5) whether the obligation terminates on death or remarriage of the former spouse;
> (6) whether the obligation is payable over a long period of time;
> (7) the age, health, education, and work experience of both

parties;
(8) whether the payments are intended as economic security or retirement benefits;
(9) the standard of living established during the marriage. [Cit.]

*Horner v. Horner*, supra at 922 (III). In addition, it has been recognized that the trial court is authorized to consider "the tax treatment of the payments, the character of the payments as a sum certain over a specified period, and the state court's characterization of the obligation as lump sum alimony." *Horner v. Horner*, supra at 922 (III).

The order entered in this case reflects that the trial court did find that the $3,750 monthly obligation was for Wife's maintenance and support, focusing primarily upon her need and Husband's relatively greater income. Husband urges that, in making its determination, the trial court did not expressly address certain of the other criteria we have enumerated previously. However,

> [t]his list . . . is a non-exhaustive compilation of factors that need not be proven or even considered in every case. [Cits.] [S]uch factors "are not legal criteria, . . . but relevant evidentiary factors that assist the . . . court as trier of fact in determining the true nature of the debt created by the agreement[.]"

*Horner v. Horner*, supra at 922 (III). Husband does not contend that the trial court overstated either Wife's need for support or the great disparity in their relative incomes. Compare *Horner v. Horner*, supra at 924 (III). Moreover, the trial court did acknowledge the previous determination that the obligation was for lump sum alimony, but correctly recognized that that label was not determinative of the issue of dischargeability. *Manuel v. Manuel*, supra; *Horner v. Horner*, supra. Husband also contends that the order is erroneous because lump sum alimony is not subject to modification. See OCGA § 19-6-21. However, the fact that his obligation is non-modifiable merely establishes that it does not represent periodic alimony. See OCGA § 19-6-19. It does not definitively negate the possibility that the $3,750 per month is for Wife's maintenance and support. Because the evidence supports the trial court's finding that the obligation is for that purpose, rather than a dischargeable division of property, the order must be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 24, 2004.

*Shepherd & Johnston, Lance N. Owen,* for appellant.
*Alan W. Connell,* for appellee.