## S07A1658. SHEPHERD v. COLLINS.
### (657 SE2d 197)

HINES, Justice.

We granted discretionary review in this action for modification of alimony and child support in order to consider the correctness of the trial court's ruling that the language of the parties' settlement agreement established an obligation for the payment of lump sum alimony rather than periodic alimony. For the reasons that follow, we conclude that the trial court erred in its determination, and that the obligation at issue is for periodic alimony.

The parties were granted a divorce on December 14, 1998. The final judgment and decree of divorce ("decree") incorporated a settlement agreement ("agreement") entered into by the parties. The agreement, inter alia, provided that the wife, now Tammie Collins ("wife"), would have permanent legal and physical custody of the parties' then four minor children, and that the husband, David Shepherd ("husband"), would pay to the wife child support for the four children; the decree ordered the husband to pay child support of $2,092.50 per month, representing 29% of the husband's found gross income of $7,215.50 per month.[1] The terms of the agreement also provided for alimony to the wife to be paid in specific amounts over a set period of 180 months.[2] The agreement further stated:

> Said payments shall begin on November 1, 1998, and shall be payable on the first day of each month thereafter until one hundred-eighty (180) payments have been made. Even though said payments are alimony, they shall continue even if the Wife should remarry and *they shall cease only upon the death of the Wife or until one hundred-eighty (180) payments have been made, whichever first occurs.*

(Emphasis supplied.)

On September 29, 2005, the husband filed a complaint for modification of alimony and child support, alleging a substantial

---

[1] In making the child support award, the trial court found the presence of special circumstances including, inter alia, "unusually high debt structure; or unusually high income of either party or both parties, which shall be construed as individual gross income of over $75,000.00 per annum."

[2] The agreement stated:

The Husband shall pay to the Wife the following sums as alimony, which payments shall be taxable to the Wife and tax deductions for the Husband for purposes of state and federal income taxes:

1. $1,500.00 per month for a period of sixty (60) months;
2. $1,000.00 per month for a period of sixty (60) months;
3. $500.00 per month for a period of sixty (60) months.

downward change in his income and financial status which decreased his ability to pay the previously awarded alimony and child support. Following a hearing on December 20, 2006, the trial court issued an order on April 30, 2007, reducing the husband's child support obligation to $1,150 per month,[3] after finding that there had been a significant change in circumstances, including a reduction of the husband's gross income, the making of voluntary payments by the husband for the benefit of the children, and the fact that only two of the parties' children were then minors. However, the trial court refused to modify downward the husband's alimony payments because it found that the language in the agreement established a lump sum alimony obligation payable in installments.[4]

The trial court erred in determining that the language of the agreement established an obligation for lump sum alimony rather than for periodic alimony; periodic alimony is subject to modification. See *Daniel v. Daniel*, 277 Ga. 871 (596 SE2d 608) (2004). In *Winokur v. Winokur*, 258 Ga. 88 (365 SE2d 94) (1988), this Court was called to make a threshold distinction between periodic alimony and lump sum alimony. Id. We determined that,

> [i]f the words of the documents creating the obligation state the exact amount of each payment *and the exact number of payments to be made without other limitations, conditions or statements of intent*, the obligation is one for lump sum alimony payable in installments.

(Emphasis supplied.) Id. at 90 (1). That is plainly not the situation in this case. The husband's alimony obligation for 180 payments in the specified amounts is limited by the proviso that the payments will end with the death of the wife, if occurring prior to all such payments having been made. As this Court noted in *Winokur*, "the obligation to pay periodic alimony terminates at the death of either party while the obligation to pay lump sum alimony in installments over a period of time does not." Id. at 88. Accord *Hipps v. Hipps*, 278 Ga. 49 (597 SE2d 359) (2004). Because of this contingency regarding the wife's survival, the amount of the husband's total alimony obligation is uncertain, and therefore, must be deemed to be periodic. See *Metzler v. Metzler*, 267 Ga. 892, 893 (2) (485 SE2d 459) (1997); *Ragland v. Ragland*, 266 Ga. 643 (469 SE2d 658) (1996).

---

[3] This represented 23% of the husband's then found gross income of $5,000 per month.

[4] The court ordered that since the alimony payments had been reduced in a temporary order, the husband was to pay the amounts not paid since the temporary order was issued; the husband was directed to repay this amount to the wife at the rate of $525 per month beginning November 1, 2013, and continuing until the amount due was paid.

Accordingly, that portion of the judgment of the trial court finding a lump sum alimony obligation and the consequent ruling on the merits of the husband's petition for modification of alimony is reversed, and the matter is remanded to the trial court for consideration consistent with this opinion.

*Judgment affirmed in part and reversed in part and case remanded. All the Justices concur.*

DECIDED FEBRUARY 11, 2008.

*Samuel A. Hilbun*, for appellant.
*Westmoreland, Patterson, Moseley & Hinson, James E. Patterson*, for appellee.