S08A0775. RIVERA v. RIVERA.
(661 SE2d 541)

CARLEY, Justice.

Appellant Luis E. Rivera and Appellee Martha L. Rivera were divorced in 2006. In relevant part, the final divorce decree required Appellant to pay Appellee "the sum of $500.00 per month as alimony . . . for a total of 60 months and a total payment of $30,000.00." This provision was based upon a jury verdict which left blank that portion of the verdict form dealing with lump sum and in-kind alimony, and which awarded Appellee "[p]eriodic alimony payments as follows: [the word 'month' being circled] $500.00 per month for 60 months. For a total of $30,000.00." In 2007, Appellant filed a motion for modification of alimony, which the trial court dismissed, stating "[t]hat the alimony sought to be modified was found to be lump sum

---

alimony and non-modifiable . . . ." Appellant appeals from this order pursuant to our grant of his application for discretionary appeal.

Appellant relies on the jury's identification of the award as "periodic" alimony. However, "[i]n prior opinions, we have made it clear that in reviewing awards in divorce judgments, this Court will ascertain the nature of the awards as a matter of law, and on the basis of substance rather than of labels. [Cit.]" *Andrews v. Whitaker*, 265 Ga. 76 (1) (453 SE2d 735) (1995). See also *Sapp v. Sapp*, 259 Ga. 238, 240 (3) (378 SE2d 674) (1989); *Stone v. Stone*, 254 Ga. 519 (1) (330 SE2d 887) (1985); *Nash v. Nash*, 244 Ga. 749 (1) (262 SE2d 64) (1979) (applying a formula from previous cases rather than relying on the language of the verdict awarding "permanent" alimony), disapproved on other grounds, *Winokur v. Winokur*, 258 Ga. 88, 90 (1) (365 SE2d 94) (1988). Compare *Metzler v. Metzler*, 267 Ga. 892, 893 (2) (485 SE2d 459) (1997) (where "the jury not only denominated its award as 'periodic alimony,' it also specifically conditioned its award upon the survival of both parties[,]" and this Court wholly relied on that condition of survivorship in holding that the award was indeed for periodic alimony).

In ascertaining the nature of the award at issue in this case, two rules are applicable. First, "[a]n obligation is considered lump-sum alimony if it states the exact number and amount of payments 'without other limitations, conditions or statements of intent.' [Cit.]" *Dillard v. Dillard*, 265 Ga. 478, 479 (458 SE2d 102) (1995). See also *Shepherd v. Collins*, 283 Ga. 124, 125 (657 SE2d 197) (2008); *Winokur v. Winokur*, supra (disapproving *Nash* on this point). Second, "[a] decree specifying periodic payments to be made until a given sum (i.e., an amount stated) has been paid is division of property or payment of corpus and is not revisable. [Cits.]" *Nash v. Nash*, supra at 750 (1). See also *Taulbee v. Taulbee*, 243 Ga. 52, 53 (252 SE2d 481) (1979); Dan E. McConaughey, *Ga. Divorce, Alimony and Child Custody* § 16-6, p. 689 (2007-2008 ed.).

In this case, application of either rule shows as a matter of law that the obligation which Appellant seeks to modify constitutes lump sum alimony. With respect to the first rule, the jury verdict's reference to "periodic" alimony was a mere label, as already discussed, and not a statement of intent. Furthermore,

> [t]here was no limitation or contingency, such as remarriage or death upon the provision for [Appellant's] payment to [Appellee] of the monthly payment of [$500] for a definite [60-month] period. This monthly installment provision was clearly a lump sum alimony award, as opposed to periodic alimony . . . . [Cit.]

*Douglas v. Cook*, 266 Ga. 644, 645 (1) (469 SE2d 656) (1996). See also *Winokur v. Winokur*, supra at 90 (2). With respect to the second rule, "[t]he jury award in this case expressly indicated the gross amount to be paid by [A]ppellant, and the trial court did not err in holding that this award was a lump sum settlement of property rights not subject to modification under" OCGA § 19-6-19 (a). *Taulbee v. Taulbee*, supra.

" ' "Lump sum alimony" is not subject to modification. OCGA § 19-6-21 . . . .' [Cit.]" *Stone v. Stone*, supra at 520 (1). Accordingly, no claim "for modification of [the] alimony award is alleged, notwithstanding [Appellant] was allowed to pay the lump sum in [60] payments. The [trial] court did not err in" dismissing the motion for modification. *Parker v. Parker*, 224 Ga. 54, 55 (159 SE2d 412) (1968).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 19, 2008.

*Stacy C. Bondurant*, for appellant.
*William L. Kirby II*, for appellee.