### S09F1667. MOORE v. MOORE.
(690 SE2d 166)

NAHMIAS, Justice.

Pursuant to this Court's Pilot Project for divorce cases, Ricky Moore appeals from the entry of the final judgment of divorce from Dianne Moore. The trial court ordered Mr. Moore to pay Ms. Moore "$400.00 per month for 100 months for a total alimony of $40,000.00," and provided that the obligation would not terminate upon the death or remarriage of either spouse. Mr. Moore contends that the trial court erred in imposing this obligation because Ms. Moore did not seek alimony in her answer or counterclaim or at trial. We conclude, however, that the award actually constitutes property division, not alimony.

1. While not seeking alimony, Ms. Moore did request an equitable division of marital property, which includes marital debt. The couple had little to divide except about $53,000 in marital debt. The principal issue at trial was how to divide that debt, about $40,000 of which was incurred by the parties in Ms. Moore's name during the course of the marriage. After testimony on the issue and discussions between the trial court and counsel, the court stated that it would leave Ms. Moore responsible for the $40,000 debt in her name, but that, because of what the court found to be an "obvious disparity in incomes and earning capacity," it would require Mr. Moore to pay "alimony" of $40,000 — $400 per month for 100 months. The trial court then asked the parties if they had any questions, and neither party voiced any concerns. Shortly after the hearing, the court entered the final judgment, ordering Mr. Moore to pay "$400.00 per

month for 100 months for a total alimony of $40,000.00."

We conclude that the award constituted property division. " '[I]n reviewing awards in divorce judgments, this Court will ascertain the nature of the awards as a matter of law, and on the basis of substance rather than of labels.' " *Rivera v. Rivera*, 283 Ga. 547, 548 (661 SE2d 541) (2008) (quoting *Andrews v. Whitaker*, 265 Ga. 76, 76 (453 SE2d 735) (1995)). Therefore, the trial court's characterization of Mr. Moore's obligation as alimony is not controlling. Id. This Court has said that " '(a) decree specifying periodic payments to be made until a given sum (i.e., an amount stated) has been paid is division of property or payment of corpus.' " Id. (quoting *Nash v. Nash*, 244 Ga. 749, 750 (262 SE2d 64) (1979), disapproved on other grounds in *Winokur v. Winokur*, 258 Ga. 88, 90 (365 SE2d 94) (1988)). Because alimony terminates at the death of either the paying or receiving spouse, *Winokur*, 258 Ga. at 88, or the remarriage of the receiving spouse, OCGA § 19-6-5 (b), a divorce decree that provides that payments from one spouse to another do not terminate upon any of these grounds also indicates that the obligation is not alimony. *Daniel v. Daniel*, 277 Ga. 871, 873 (596 SE2d 608) (2004) (considering whether marital obligation terminates on death or remarriage of receiving spouse in determining whether obligation is alimony or property division); *Duncan v. Duncan*, 239 Ga. 789, 790-791 (238 SE2d 902) (1977) (provision requiring husband to pay mortgage debt to wife each month and providing that payment of debt would not terminate on husband's death constitutes property division), disapproved on other grounds in *Winokur*, 258 Ga. at 89; *Hathcock v. Hathcock*, 246 Ga. 233, 234 (271 SE2d 147) (1980) (provision that neither remarriage nor death would terminate husband's obligation to make lump-sum payment to wife supports conclusion that obligation was not alimony).

Here, because the award to Ms. Moore was for a given sum that was clearly intended to equalize the distribution of the parties' marital debt and because the trial court specifically stated that the $40,000 award would not terminate upon the death or remarriage of either spouse, we conclude that the award constitutes property division and not alimony and therefore is not subject to reversal on the ground raised by Mr. Moore.

2. Because we have concluded that the trial court's award to Ms. Moore is not alimony, Mr. Moore's contention that the trial court erred in failing to consider several factors relevant to an alimony award is moot.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 8, 2010.

*Faith Shoemaker-Shiffert*, for appellant.
Dianne Moore, *pro se*.