295 Ga. 210
FINAL COPY

S14F0106.  WHITE v. HOWARD.

NAHMIAS, Justice.

Appellant George White (Husband) and appellee Vanessa Howard (Wife) were married in 1972 and divorced in April 2007.  Among other things, the final divorce decree: (1) required Husband to obtain a term life insurance policy in the amount of $100,000, naming Wife as the beneficiary, and to keep the policy in effect for 12 years; (2) awarded Wife half of Husband's pension; and (3) required Husband to make partial mortgage payments on property titled in Wife's name until the land was sold.  The decree also recited that neither party was entitled to alimony and that "the transfers contained herein are intended to constitute such an equitable division of property and such transfers are not alimony."

In July 2011, shortly after Wife remarried, Husband filed a pro se "Motion for Relief" seeking to terminate those three components of the divorce decree, contending that they were forms of alimony that expired upon Wife's remarriage.  In August 2011, Wife filed a motion to dismiss, which requested

attorney fees but cited no statutory basis for such an award. On April 3, 2013, Husband, now represented by counsel, filed a complaint for modification of alimony, and the trial court held a hearing.

On May 9, 2013, the trial court entered a final order granting Wife's motion to dismiss all of Husband's requests for relief and awarding her $5,000 in attorney fees. The court concluded that the three decree obligations at issue were equitable divisions of property rather than alimony and, in particular, that the life insurance requirement was "a fixed obligation because it is set for a definite period of time and is not terminable by operation of law and is therefore not subject to modification" as periodic alimony. The order did not indicate the statutory basis for the attorney fees award, nor had a specific basis been discussed during the April 3 hearing. We granted Husband's discretionary application to appeal.

1. Husband's appeal does not challenge the portions of the trial court's order concluding that the award to Wife of half of Husband's pension and his obligation to make partial mortgage payments are not subject to modification. Accordingly, those parts of the order are affirmed.

2. Husband contends that the trial court erred in concluding that his

2

obligation to maintain term life insurance for 12 years for Wife's benefit was property division rather than periodic alimony that terminated upon Wife's remarriage. We agree.

"Alimony" is defined as "an allowance out of one [marital] party's estate, made for the support of the other party when living separately." OCGA § 19-6-1 (a). "Periodic alimony" is characterized by an indefinite number of payments, making the actual amount to be paid also indefinite. See Metzler v. Metzler, 267 Ga. 892, 893 (485 SE2d 459) (1997); Sapp v. Sapp, 259 Ga. 238, 240 (378 SE2d 674) (1989). The court may modify an obligation to pay permanent periodic alimony if the financial circumstances of the parties change substantially, see OCGA §§ 19-6-19, 19-6-20, 19-6-21, and such an award terminates upon the death of either spouse or the remarriage of the recipient spouse unless otherwise expressly provided. See Moore v. Moore, 286 Ga. 505, 506 (690 SE2d 166) (2010); Daopoulos v. Daopoulos, 257 Ga. 71, 73 (354 SE2d 828) (1987); OCGA § 19-6-5 (b) ("All obligations for permanent alimony, however created, the time for performance of which has not arrived, shall terminate upon remarriage of the party to whom the obligations are owed unless otherwise provided.").

By contrast, whether determined by settlement or by equitable allocation, the division of the parties' marital property and the identification of the parties' separate property set forth in a divorce decree is fixed, and the trial court does not have the power to modify those terms of the judgment even if the circumstances of the parties change.[1] See Douglas v. Cook, 266 Ga. 644, 645 (469 SE2d 656) (1996) ("OCGA § 19-6-19 is not authority for the modification or revision of judgments for equitable division of property."); Spivey v. McClellan, 259 Ga. 181, 182 (378 SE2d 123) (1989) ("Fixed allocations of economic resources between spouses, those that are already vested or perfected, are not subject to modification by the court while terminable allocations are."). The terms "alimony in gross" or "lump sum alimony" are also sometimes used to distinguish awards from modifiable "periodic alimony." See Daniel v. Daniel, 277 Ga. 871, 871 (596 SE2d 608) (2004). A gross or lump sum alimony award is characterized by an "exact number and amount of payments 'without other limitations, conditions or statements of intent,'" so that the amount of the

---

[1] "Property settlement" or "property division" generally refers to the allocation of the marital estate between the divorcing spouses – "'the determination of who owns property when its title is disputed and to the partitioning of jointly owned property.'" Daniel v. Daniel, 277 Ga. 871, 871 (596 SE2d 608) (2004) (citation omitted). "[E]quitable property division represents the 'allocation of assets acquired during the marriage to the parties, based on their respective equitable interests in those assets.'" Id. at 872 (citation and punctuation omitted).

4

award is not contingent on future events but rather is ascertainable at the time the divorce decree is entered. <u>Rivera v. Rivera</u>, 283 Ga. 547, 548 (661 SE2d 541) (2008) (citation omitted). Accordingly, "(a)limony in gross, or in a lump sum, is in the nature of a final property settlement," <u>Daniel</u>, 277 Ga. at 871-872 (citations omitted), and such an award cannot be modified. See <u>Rivera</u>, 283 Ga. at 548.

Wife argues that Husband's obligation to maintain term life insurance for her benefit for 12 years was a form of either property division or lump sum alimony and therefore is not subject to modification. The life insurance award was not property division, however, because its amount and duration were (and are) indefinite; it might require Husband to pay premiums for 12 years, or it may be worth $100,000 plus one to 12 premiums, with the obligation satisfied at that point, depending on the unknowable fact of how long Husband lives. Likewise, the life insurance obligation is not lump sum alimony; again because Husband's lifespan is indeterminable, the divorce decree does not impose an "exact number and amount of payments 'without other limitations, conditions or statements of intent.'" <u>Rivera</u>, 283 Ga. at 548 (citation omitted). Compare <u>Moore</u>, 286 Ga. at 506 (holding that installment payments of a fixed amount for a fixed time

period, not terminating upon the payee spouse's death, are property division rather than alimony). Thus, this Court has previously concluded that the obligation of one spouse to carry life insurance for the benefit of the other spouse is a form of periodic alimony. See Hawkins v. Hawkins, 268 Ga. 637, 638 (491 SE2d 806) (1997) (holding that Husband's obligation to pay premiums on a life insurance policy for five years, with Wife as the beneficiary, was periodic alimony); Sapp, 259 Ga. at 240 (explaining that, because "the number of life-insurance premium payments and the total amount of the payments are contingent on the length of the husband's life, and therefore cannot be determined at present . . . , the obligation to pay the premiums constitutes periodic alimony rather than equitable property division"). See also Dan E. McConaughey, Ga. Divorce, Alimony and Child Custody § 16:6 (2) (a) (2013-2014 ed.) ("A decree specifying periodic payments for an uncertain time (e.g., until death or remarriage) with no indication of gross amount is 'periodic' and is revisable.").

Wife contends that the life insurance obligation cannot be categorized as periodic alimony because the divorce decree stated unequivocally that "[n]either Plaintiff nor Defendant shall pay or receive alimony" and that the life insurance

6

requirement was "not alimony"; she also points to the trial court's reference to the requirement as "a fixed obligation." However, "'[i]n reviewing awards in divorce judgments, this Court will ascertain the nature of the awards as a matter of law, and on the basis of substance rather than of labels.'" Rivera, 283 Ga. at 548 (citation omitted). Neither the parties' nor the trial court's characterization of an award is controlling. See id.; Moore, 286 Ga. at 506. Because the cost to Husband and the value to Wife of the requirement that he maintain $100,000 in life insurance for her benefit for 12 years were indefinite when the decree was entered, as the amount of that award depends on how long Husband will live, we conclude that the award was periodic alimony as a matter of law. And as permanent periodic alimony, Husband's life insurance obligation terminated upon Wife's remarriage, because the divorce decree did not expressly provide otherwise.

> [I]n order for a court to hold that an instrument "provides otherwise" than the general rule that remarriage terminates permanent alimony obligations within the meaning of OCGA § 19-6-5 (b)[, the document] must expressly refer to remarriage of the recipient and specify that event shall not terminate the permanent alimony obligations created thereby. The language must be clear and unequivocal.

Daopoulos, 257 Ga. at 73.

7

For these reasons, we reverse the trial court's ruling that Husband's life insurance obligation could not be modified and direct that on remand, this award of periodic alimony be terminated due to Wife's remarriage.

3. Husband also contends that the trial court erred in failing to state a statutory basis for its award of attorney fees to Wife. See Ward v. Ward, 289 Ga. 250, 251-252 (710 SE2d 555) (2011). Because we have held in Division 2 above that Husband's claim regarding termination of his life insurance obligation was meritorious, the trial court needs to reconsider the basis and amount of the attorney fees award, and we therefore vacate that portion of the court's order. See Farris v. Farris, 285 Ga. 331, 333-334 (676 SE2d 212) (2009). If on remand the court determines that an attorney fees award to Wife is still appropriate, the court is reminded to clearly express the statutory basis for the award and make the requisite findings on the record. See Moon v. Moon, 277 Ga. 375, 379 (589 SE2d 76) (2003) (discussing attorney fees awards under OCGA §§ 19-6-2 and 9-15-14).

Judgment affirmed in part, reversed in part, and vacated in part, and case remanded with direction. All the Justices concur.

8

Decided May 19, 2014.

Domestic relations. DeKalb Superior Court. Before Judge Adams.

<u>Albury & Hawkins, Korey M. Albury, Melissa N. Hawkins</u>, for appellant.

<u>Stephen F. Mackle, Monica S. Shuman</u>, for appellee.