297 Ga. 272
FINAL COPY

S15F0039. PARTRIDGE v. PARTRIDGE.

M<small>ELTON</small>, Justice.

James Partridge ("Husband") and Bridget Partridge ("Wife") were married on December 30, 1994, and had two children together. One of the children was born in 1994, and the other was born on June 5, 1997. The parties separated on September 1, 2013. Wife filed for divorce on November 25, 2013, and the parties were divorced pursuant to a June 2, 2014 Final Decree. As part of the Final Decree, the trial court ordered, among other things, that Husband "shall continue to make monthly payments on the minor child's automobile, which is currently in her possession, until said automobile is paid in full"; and Husband "shall pay alimony to [Wife] in the amount of $38,460, payable as follows: (a) $345 per month from June 1, 2014 until June 1, 2015; (b) $940 per month from June 1, 2015 until June 1, 2016; (c) $640 per month from June 1, 2016 until June 1, 2019." This Court granted Husband's application to appeal pursuant to Supreme Court Rule 34 (4), by which this Court shall grant a timely application from a final judgment and decree of divorce that is determined by the Court to have possible merit. For the reasons that follow, we affirm.

1. Husband contends that the trial court erred by ordering him to pay alimony to Wife. Specifically, he claims that Wife affirmatively waived any right to collect alimony in light of her testimony at the final hearing in which she claimed that she did not want alimony. We disagree.

Although, when questioned by Husband's counsel, Wife stated that she was "not asking [Husband] to support her," and she responded "no" when the trial court asked her if she "was making any claim on any of [Husband's] property . . . alimony or otherwise"; these statements do not represent the totality of Wife's testimony regarding alimony. When questioned by her own counsel on direct examination, the following exchange took place:

> Q. Okay. And do you feel that you will need some economic assistance from [Husband] *to be able to maintain your lifestyle* and be able to support the children?
>
> A. Yes.

(Emphasis supplied.) See also OCGA § 19-6-1 (a) ("Alimony is an allowance out of one party's estate, made for the support of the other party when living separately."). It cannot be said that Wife unequivocally relinquished her claim to receive alimony based on her testimony at the final hearing. In this regard, to

2

the extent that her testimony on alimony at the final hearing can be viewed as conflicting, such conflicts were for the trial court to resolve, not this Court. Haskell v. Haskell, 286 Ga. 112, 112-113 (1) (686 SE2d 102) (2009) ("It is the duty of the trial judge to resolve the conflicts in the evidence.") (citations and punctuation omitted).[1]

2. Husband argues that the trial court erred by ordering him to pay the car payments on the minor child's automobile. He asserts that these car payments constituted an improper deviation from the amount of child support that Husband was legally required to pay. However, Husband's characterization of these car payments as "child support" is misplaced. Testimony at the final hearing established that this car was purchased during the marriage, and that both Husband and Wife were joint obligors on the indebtedness owed on the car. Accordingly, this marital debt could be properly addressed by the trial court

---

[1] We also note that there is nothing in the trial court's Final Decree to indicate that the trial court awarded alimony to Wife as a means of forcing Husband to "provide a means of supporting both children [i.e., the minor child and the adult child] past their graduation from high school." Husband's Brief at 9-10. The alimony award has nothing to do with the child support award in the Final Decree, and the adult child is not even mentioned in the Final Decree. The minor child is the only child mentioned with regard to child support.

through its equitable division of the parties' marital property. See, e.g., <u>Moore v. Moore</u>, 286 Ga. 505 (1) (690 SE2d 166) (2010). We find no abuse of discretion in the trial court's decision to make Husband responsible for the continued payments on this marital debt as part of an equitable division of the parties' property. See <u>Zekser v. Zekser</u>, 293 Ga. 366, 367 (1) (744 SE2d 698) (2013) ("As we have explained before, an equitable division of marital property is not necessarily an equal division, but a fair one. . . . The division of marital property is committed to the discretion of the trier of fact, and its discretion in this respect is broad.") (citations omitted).

<u>Judgment affirmed. All the Justices concur.</u>

Decided June 1, 2015.

Domestic relations. Lincoln Superior Court. Before Judge Dunaway.

<u>Tucker, Everitt, Long, Brewton & Lanier, John B. Long</u>, for appellant.

<u>James T. Jones, Jr.</u>, for appellee.