**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 17, 2020**

# In the Court of Appeals of Georgia

A20A1477. ANGST v. AUGUSTINE.

COLVIN, Judge.

When Thomas Angst filed a pro se petition to modify his alimony obligation, his ex-wife, Timna Augustine, moved to dismiss the petition. The trial court granted Augustine's motion and dismissed the petition. Angst sought and we granted discretionary review. Now on appeal with the assistance of counsel, Angst argues that the trial court erred in classifying his alimony obligation as lump sum rather than periodic. For the following reasons, we agree and reverse the trial court's dismissal.

We review a trial court's ruling on a motion to dismiss de novo, construing the facts in favor of the non-movant. See *Mitchell v. Capehart*, 353 Ga. App. 461, 461 (838 SE2d 125) (2020).

Although we would construe the record in Angst's favor, the record shows that the relevant facts are undisputed. Angst and Augustine were divorced on September 18, 2017, by a final decree which incorporated the parties' settlement agreement. Under the heading "Spousal Support," the settlement agreement provides in relevant part:

> 39. Husband agrees to pay the [w]ife for a period of 10 years the monthly sum of $5,652.33 as alimony. Said alimony shall begin on August 1, 2017 and shall continue and then cease after the 120th month.
>
> 40. *Waiver of Right to Modify Alimony*. The parties hereby agree NOT to waive all future rights to seek a statutory modification of alimony, rehabilitative or otherwise, pursuant to [OCGA §] 19-6-19,[1] and/or any and all future laws regarding alimony modification as may be enacted in this or any other state, which is specifically reserved. Each party in signing this [a]greement intends and knowing [sic] does NOT waive his or her statutory rights of modification of alimony.

---

[1] OCGA § 19-6-19 provides for the revision of an alimony obligation upon a petition "showing a change in the income and financial status of either former spouse" or showing "the voluntary cohabitation of such former spouse with a third party in a meretricious relationship." In considering a petition for alimony modification under OCGA §19-6-19 (a), the trial court may exercise its discretion "by raising or lowering the amount of the payments. . . . [W]here the financial circumstances of the parties so warrant, it is not error in a modification action for the amount of alimony payments to be lowered to $0.00." (Citation and punctuation omitted.) *Temples v. Temples*, 262 Ga. 779, 779 (1) (425 SE2d 851) (1993).

(Punctuation and emphasis omitted). Angst promptly made payments until he lost his job in July 2019, after which he filed his petition to modify alimony based upon his changed income.

"The controlling principle to be applied when interpreting a divorce decree which incorporates the parties' settlement agreement is to find the intent of the parties by looking to the four corners of the agreement and in the light of circumstances as they existed at the time the agreement was made." (Citation and punctuation omitted.) *Mermann v. Tillitski*, 297 Ga. 881, 883 (778 SE2d 191) (2015). The settlement agreement's "meaning and effect should be determined according to the usual rules for the construction of contracts." (Citation and punctuation omitted.) *Dohn v. Dohn*, 276 Ga. 826, 827 (584 SE2d 250) (2003).

In evaluating the intent of the parties, "[a]n obligation is considered lump-sum alimony if it states the exact number and amount of payments without other limitations, conditions or statements of intent." *Dillard v. Dillard*, 265 Ga. 478, 478 (458 SE2d 102) (1995). In contrast, "an obligation is considered periodic alimony where the total amount of the obligation is contingent and cannot be determined at present." (Footnote and punctuation omitted.) Id. Given these characteristics, only

3

periodic alimony is subject to modification; lump sum alimony is not modifiable. OCGA § 19-6-21; *Rivera v. Rivera*, 283 Ga. 547, 549 (661 SE2d 541) (2008).

Following *Rivera*, 283 Ga. at 548, the trial court found that Angst's alimony obligation was lump sum because "there was no limitation or contingency, such as remarriage or death upon the provision for [Angst's] payment to [Augustine] of the monthly payment . . . for a definite . . . period." In so finding, the trial court interpreted paragraph 40 of the settlement agreement as having no bearing on the description of the alimony obligation in paragraph 39. Angst argues that the trial court erred in interpreting the alimony obligation as lump sum because paragraph 40 of the settlement agreement imposes a condition on the alimony obligation.

The record shows that paragraphs 39 and 40 of the settlement agreement are under the same heading, "Spousal Support," indicating that both paragraphs refer to the alimony obligation. An interpretation of Angst's alimony obligation as lump sum would render paragraph 40, which explicitly reserved the parties' right to modify alimony under OCGA 19-6-19, void. See OCGA 19-6-21 (lump sum alimony is not modifiable). Because "[t]he construction which will uphold a contract in whole and in every part is to be preferred," we read paragraph 40 as a condition on the alimony obligation. OCGA § 13-2-2 (4). Thus, the reservation of the right to seek a

4

modification of alimony under OCGA § 19-6-19 conditions the alimony award upon a change in income and upon meretricious cohabitation. See OCGA § 19-6-19 (a)-(b).

Augustine argues that Georgia courts have only recognized two types of conditions that render an alimony obligation periodic: termination of alimony upon remarriage or termination of alimony upon death. See *Shepherd v. Collins*, 283 Ga. 124, 125 (657 SE2d 197) (2008); *Dillard*, 265 Ga. at 478. The same precedent indicates that the distinction lies not in the type of condition but upon whether the condition renders the total amount of the alimony obligation indeterminable at present. *Shepherd,* 283 Ga. at 125 (condition of termination upon death rendered "the husband's total alimony obligation uncertain") (citation omitted). Furthermore, there is no case law restricting "limitations, modifications or expressions of intent" to only remarriage and death.

Here, Angst's total alimony obligation is uncertain because of the possibility of modification upon change in income or meretricious cohabitation. See OCGA § 19-6-19. Accordingly, the trial court erred in classifying the alimony obligation as lump sum rather than periodic. See *Dillard*, 265 Ga. at 478. We therefore reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment reversed. Reese, P. J., and Markle, J., concur.*